611 So.2d 588 (1993)
PALM BEACH COMMUNITY COLLEGE FOUNDATION, INC., Appellant,
v.
WFTV, INC., d/b/a The Palm Beach Post, Appellee.
No. 92-2033.
District Court of Appeal of Florida, Fourth District.
January 6, 1993.
James M. Adams and Kathleen J. Loggins of Gibson & Adams, P.A., West Palm Beach, for appellant.
L. Martin Reeder, Jr. and Cristina M. Simon of Steel Hector & Davis, West Palm Beach, for appellee.
*589 STONE, Judge.
The trial court ordered the Community College Foundation to disclose, as a public record, material that the Foundation argues is exempt from the public records disclosure requirements of section 119.07(1), Florida Statutes. We affirm. A Post reporter requested the material in question which consists of records needed by the auditors for preparing the annual audits of the Foundation for specified years. The reporter's request specified that he was not seeking information identifying Foundation donors and authorized redaction of donor-identifying information from the requested records. The requested records are those reflecting Foundation expenses. The trial court conducted a hearing and heard the testimony of the Foundation's certified public accountant with respect to the documents in question.
It is undisputed that the Foundation, as a "direct support organization," is considered a state "agency" within the ambit of the public records law. The organization raises and administers funds on behalf of the community college, and does many things in this regard that the college would otherwise have to do. The Foundation receives substantial state grants and matching funds. The trial court determined that section 240.331(3), Florida Statutes, does not exempt the Foundation's expense records from disclosure as long as any information identifying donors is omitted.
The exemption protecting confidential information in the records of "direct support" organizations is found in section 240.331(3), as is the exception to that exemption recognized by the trial judge. That section provides:
(3) Annual audit.  Each direct support organization shall make provisions for an annual postaudit of its financial accounts to be conducted by an independent certified public accountant in accordance with rules to be promulgated by the district board of trustees. The annual audit report shall be submitted to the Auditor General and the board of trustees for review. The board of trustees and the Auditor General shall have the authority to require and receive from the organization or from its independent auditor any detail or supplemental data relative to the operation of the organization. The identity of donors who desire to remain anonymous shall be protected, and that anonymity shall be maintained in the auditor's report. All records of the organization, other than the information necessary for the annual report required by s. 240.311(3)(h)6. and the auditor's report and supplemental data requested by the board of trustees and the Auditor General, shall be confidential and exempt from the provisions of s. 119.07(1). (emphasis added)
The Foundation relies on statutory and legislative history, and particularly committee and staff reports incident to "sunset" review subsequent to adoption of the statute in its present form, in support of its interpretation of the statute.[1] The Foundation contends that the statutory wording "information necessary for" refers exclusively to the annual report and not to the auditor's report. However, in construing the statute, we must initially be guided by the principle that if the wording of a statute is not ambiguous, unreasonable, or illogical, we should not go beyond the clear wording and plain meaning of the statute to give it a different meaning. Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987); Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla. 1973); Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574 (Fla. 1958); Gar-Con Dev., Inc. v. Dep't of Envt'l Reg., 468 So.2d 413 (Fla. 1st DCA), rev. denied, 479 So.2d 117 (Fla. 1985); Sheffield v. Davis, 562 So.2d 384 (Fla. 2d DCA 1990); Reed v. Bowen, 503 So.2d 1265 (Fla. 2d DCA 1986), decision approved, 512 So.2d 198 (Fla. 1987).
We agree with the trial court, that there is no ambiguity in the wording of statute. *590 On the face of the statute, the wording "information necessary for" plainly modifies both "annual report" and "auditor's report," assuming that common usage is intended. The items are joined by the conjunctive "and" and there is no punctuation indicating a more limited interpretation. We can discern no reason to look behind the phrase "other than the information necessary for the annual report[2] and the auditor's report... ."
Generally, exemptions from disclosure under the public records act are construed narrowly. When in doubt, courts are obliged to find in favor of disclosure rather than secrecy. Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), rev. denied, 488 So.2d 67 (Fla. 1986); Downs v. Austin, 522 So.2d 931 (Fla. 1st DCA 1988); Tribune Co. v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), rev. denied, Gillum v. Tribune Co., 503 So.2d 327 (Fla. 1987); Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988).
We conclude that the manifest purpose of the public records law, the exemption respecting the Foundation's need to protect the identity of anonymous donors, and the benefit of interpreting the exception to the exemption are all recognized by the trial court's order, which permits a press inquiry into the expenditures of a public agency, while also protecting the public policy for maintaining donor confidentiality reflected in the exemption.
Therefore, the order is affirmed.
DELL and POLEN, JJ., concur.[*]
NOTES
[1] We note that there is, but we do not rely on, some conflicting legislative history asserted on behalf of the Post.
[2] Obviously this quotation omits, for clarity, the s. 240.311(3)(h)6. statutory reference that appears at this location in the statute.
[*] Polen, J., did not participate in oral argument, but he has reviewed the audiotape of the proceedings.