The Honorable Ray Sansom Representative, District 4 303 House Office Building 402 South Monroe Street Tallahassee, Florida 32399-1300
Dear Representative Sansom:
You ask substantially the following question:
Is a community college direct-support organization, as defined in section1004.70, Florida Statutes, subject to the Government in the Sunshine Law?
Section 286.011(1), Florida Statutes, the Government in the Sunshine Law, provides in pertinent part:
"All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . ."
In interpreting the Sunshine Law, the courts have stated that the law should be liberally construed to give effect to its public purpose.[1]
Moreover, both the courts and this office have advised officials that if they are in doubt as to the applicability of the law, they should comply with the open-meeting policy of the state.[2]
While private organizations generally are not subject to the Sunshine Law, section 286.011, Florida Statutes, has been held applicable to private organizations in order to avoid a circumvention of the statute. In determining which entities may be covered by the Sunshine Law, the courts have determined that it was the Legislature's intent to extend application of the law so as to bind every board or commission of the state, or of any county or political subdivision, over which it has dominion and control.[3] In determining whether such an organization is subject to the Sunshine Law, this office has generally reviewed all the factors relating to the responsibilities of the private entity and its relationship with the public agency.
Based upon such a review, this office advised a direct-support organization, created pursuant to statute for the purpose of assisting a district school board in carrying out the educational needs of its students, to meet in the Sunshine.[4] The organization was authorized to use district property, its board of directors consisted of several school officials, its principal place of business was the school board offices, and the organization's agent was the school board attorney.
Subsequently, in Attorney General Opinion 92-53 this office advised that the John and Mable Ringling Museum of Art Foundation, Inc., created as a not-for-profit corporation to assist the museum in carrying out its functions by raising funds for the museum, was subject to the requirements of section 286.011, Florida Statutes. The foundation was authorized to use museum property. Its records were subject to disclosure under Florida's Public Records Law, with the exception of the identity of donors who wished to remain anonymous. This office determined that the ties between the foundation and the museum were substantial, and thus the foundation was subject to the Sunshine Law.
Section 1004.70, Florida Statutes, provides for community college direct-support organizations, which are defined to mean organizations that are:
"1. A Florida corporation not for profit, incorporated under the provisions of chapter 617 and approved by the Department of State.
2. Organized and operated exclusively to receive, hold, invest, and administer property and to make expenditures to, or for the benefit of, a community college in this state.
3. An organization that the community college board of trustees, after review, has certified to be operating in a manner consistent with the goals of the community college and in the best interest of the state. Any organization that is denied certification by the board of trustees may not use the name of the community college that it serves."[5]
The chair of the board of trustees of the community college appoints a representative to the board of directors and the executive committee of each direct-support organization established under section 1004.70, Florida Statutes, and the president of the community college or the president's designee serves on the board of directors and the executive committee of the direct-support organization.[6] The direct-support organization may be permitted by the community college board of trustees to use the property, facilities, and personal services at any community college by any community college direct-support organization.[7]
Based upon the above, it appears that community college direct-support organizations that operate exclusively on behalf of the community colleges are subject to the provisions of section 286.011, Florida Statutes.[8] Your letter states, however, that the provisions of section 1004.70(6), Florida Statutes, are used as the basis for stating that these organizations are not subject to the Sunshine Law.
Section 1004.70(6), Florida Statutes, provides for an annual audit of the direct-support organization and establishes several exemptions from the disclosure provisions of section 119.07(1), Florida Statutes. Subsection (6) states:
"Each direct-support organization shall provide for an annual financial audit in accordance with rules adopted by the Auditor General pursuant to s. 11.45(8). The annual audit report must be submitted, within 9 months after the end of the fiscal year, to the Auditor General, the State Board of Education, and the board of trustees for review. The board of trustees, the Auditor General, and the Office of Program Policy Analysis and Government Accountability may require and receive from the organization or from its independent auditor any detail or supplemental data relative to the operation of the organization. The identity of donors who desire to remain anonymous shall be protected, and that anonymity shall be maintained in the auditor's report. All records of the organization, other than the auditor's report, any information necessary for the auditor's report, any information related to the expenditure of funds, and any supplemental data requested by the board of trustees, the Auditor General, and the Office of Program Policy Analysis and Government Accountability, shall be confidential and exempt from the provisions of s. 119.07(1)."
The above provision does not create an exemption from the Sunshine Law; rather, it only provides that the records of the organization, other than the auditor's report, are confidential and exempt from the disclosure provisions of the Public Records Law. Section 119.07(9), Florida Statutes, clearly provides that an exemption from section 119.07 "does not imply an exemption from s. 286.011. The exemption from s. 286.011
must be expressly provided." Thus, exemptions from the Public Records Law do not by implication allow an agency otherwise subject to section 286.011
to close a meeting.[9]
Accordingly, I am of the opinion that a direct-support organization, as defined in section 1004.70, Florida Statutes, is subject to the Government in the Sunshine Law, section 286.011, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, e.g., Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969); Wood v. Marston, 442 So.2d 934 (Fla. 1983) (statute should be broadly construed to effect its remedial and protective purposes).
[2] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473, 477
(Fla. 1974) ("[t]he principle to be followed is very simple: When in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the State.").
[3] See, e.g., Times Publishing Company v. Williams, 222 So.2d 470, 473
(Fla. 2nd DCA 1969); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[4] See Inf. Op. to Mr. Michael D. Chiumento, dated June 27, 1990. Cf.
Op. Att'y Gen. Fla. 98-42 (1998), in which this office concluded that the Florida High School Athletic Association, a not for profit corporation, which had been designated as the governing nonprofit organization of athletics in Florida public schools, was subject to the Sunshine Law.
[5] Section 1004.70(1)(a), Fla. Stat.
[6] Section 1004.70(2), Fla. Stat.
[7] Section 1004.70(3), Fla. Stat. And see s. 1001.64(39), Fla. Stat., stating that each board of trustees shall prescribe conditions for direct-support organizations to be certified and to use community college property and services.
[8] See Palm Beach Community College Foundation, Inc. v. WFTV, Inc.,611 So.2d 588 (Fla. 4th DCA 1993), in which the court construed the predecessor to s. 1000.70, Fla. Stat., and stated:
"It is undisputed that the Foundation, as a "direct support organization," is considered a state "agency" within the ambit of the public records law. The organization raises and administers funds on behalf of the community college, and does many things in this regard that the college would otherwise have to do."
[9] See Ops. Att'y Gen. 04-44 (2004), 95-65 (1995), 93-41 (1993), 91-88 (1991) and 91-75 (1991). And see City of Miami Beach v. Berns, 245 So.2d 38
(Fla. 1971), in which the Florida Supreme Court has stated that in the absence of a statute exempting a meeting in which privileged material is discussed, the Government in the Sunshine Law, s. 286.011, Fla. Stat., should be construed as containing no exceptions.