SHEPHERD, J.
 

 This is an appeal from a final order on a complaint for preliminary and permanent injunction. Upon review of the matter and being unable to improve upon the well-reasoned opinion of the trial court,
 
 [1]
 
 we adopt the opinion of the trial court as our own en haec verba:
 

 FINAL ORDER ON COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION
 

 This matter came before the Court on February 8, 11 and 14, 2008, for a final bearing on the Plaintiffs’ complaint for preliminary and permanent injunction to prevent the Defendant, Miami-Dade County, from terminating or otherwise disciplining the Plaintiffs, Rene Avila and Edgar Perez, from their positions as Miami-Dade Police officers. The Court, having conducted trial on an expedited basis, considered the parties’ evidence and arguments, and being otherwise duly advised, makes the following find
 
 *403
 
 ings and reaches the following conclusions.
 

 STATEMENT OF THE CASE AND FACTS
 

 The Plaintiffs are presently employed by Miami-Dade County as police officers. An internal affairs investigation has concluded that they repeatedly violated Police Department rules by failing to respond to emergency calls, falsifying their worksheets and otherwise failing to perform their duties as police officers. The Police Department has notified the Plaintiffs that it is considering discharging them.
 

 The Plaintiffs contend they did not receive notice of the possibility of discharge within 180 days after the date the Department received notice of their misconduct, in violation of Fla. Stat. § 112.532(6). The Defendant contends that the time for notifying the Plaintiffs of potential discipline was tolled while a criminal investigation of their misconduct was pending, and for Plaintiff Perez, while he was on military leave as well.
 

 The Police Department was first notified of the Plaintiffs’ misconduct on November 17, 2005.
 
 Complaint
 
 ¶ 6. On that day, Sergeant Jennifer Lombardi, of the Department’s Professional Compliance Bureau, Internal Affairs Section, received a call from a citizen who alleged that she had called the Department previously to report an assault on her seven year-old son and that no officers had responded. Because the allegation involved official misconduct, a felony, Sgt. Lombardi immediately classified the complaint as criminal in nature. She subsequently identified the Plaintiffs as the officers who were dispatched but failed to respond to the citizen’s call.
 

 On December 19, 2005, the Professional Compliance Bureau reassigned the investigation to its Criminal Conspiracy Section for a proactive investigation. Sgt. Rudy Gonzalez, the lead investigator, arranged for surveillance of the Plaintiffs. The surveillance showed that the Plaintiffs repeatedly failed to respond to dispatches, ignored calls for assistance and otherwise neglected their duties. After the surveillance, Sgt. Gonzalez and other Internal Affairs personnel gathered all the related paperwork, including incident reports, daily activity reports, and computer records. The documents are compiled in 14 volumes, fill two boxes, and include thousands of pages. The investigation included interviews of 25 witnesses, spread to five subject officers and uncovered more than fifty incidents of misconduct. Sgt. Gonzalez worked continuously on the investigation from December 2006 through October 2007, when he compiled a 100 + page report.
 

 On October 17, 2006, Sgt. Gonzalez presented his findings to the State Attorney for a determination of whether to prosecute.
 
 Complaint
 
 ¶8. The Plaintiffs contend that on the very same day, the State Attorney determined that it would not prosecute. The evidence presented at the hearing, however, including the testimony of the Assistant State Attorney who reviewed the file, shows that the State Attorney did not decide to forego prosecution until at least January 22, 2007, and did not issue a formal written decision until May 17, 2007.
 
 Defendant’s Exhibit 3.
 

 The Department served Plaintiff Avila with notice of its intent to discipline him on July 13, 2007, more than 180 days after the investigation was referred to the State Attorney, but less than 180 days after the State Attorney notified the Police Department of its intent not
 
 *404
 
 to prosecute.
 
 Complaint
 
 ¶ 9,
 
 Defendant’s Exhibit ⅛.
 
 The Department attempted to serve Plaintiff Perez on July 13, 2007 as well, but he was serving overseas in the military at the time and was unavailable.
 
 Defendant’s Exhibit 5.
 
 He was served upon his return on September 3, 2007.
 
 Defendant’s Exhibit 6.
 

 LEGAL ISSUES
 

 The statute governing the issues raised in this case is Fla. Stat. § 112.532, which provides:
 

 All law enforcement officers and correctional officers employed by or appointed to a law enforcement agency or a correctional agency shall have the following rights and privileges:
 

 (6) Limitations period for disciplinary actions.—
 

 (a) Except as provided in this subsection, no disciplinary action, demotion, or dismissal shall be undertaken by an agency against a law enforcement officer or correctional officer for any act, omission, or other allegation of misconduct if the investigation of such allegation is not completed
 
 within 180 days after the date the agency receives notice of the allegation by a person authorized by the agency to initiate an investigation of the misconduct.
 
 In the event that the agency detennines that disciplinary action is appropriate, it shall complete its investigation and give notice in writing to the law enforcement officer or correctional officer of its intent to proceed with disciplinary action, along with a proposal of the action sought. Such notice to the officer shall be provided within 180 days after the date the agency received notice of the alleged misconduct, except as follows:
 

 1.The running of the limitations period may be tolled for a period specified in a written waiver of the limitation by the law enforcement officer or correctional officer.
 

 2.
 
 The running of the limitations period shall be tolled during the time that any criminal investigation or prosecution is pending in connection with the act, omission, or other allegation of misconduct.
 

 3.
 
 If the investigation involves an officer who is
 
 incapacitated or
 
 otherwise unavailable, the running of the limitations period shall be tolled during the period of
 
 incapacitation or
 
 unavailability.
 

 4. In a multijurisdictional investigation, the limitations period may be extended for a period of time reasonably necessary to facilitate the coordination of the agencies involved.
 

 5. The running of the limitations period may be tolled for emergencies or natural disasters during the time period wherein the Governor has declared a state of emergency within the jurisdictional boundaries of the concerned agency.
 

 (emphasis added).
 

 As the statute makes clear, the 180-day time limit for notifying an officer of the intent to discipline is tolled during the time that a criminal investigation is pending and for any period of time that the subject officer is unavailable. The Plaintiffs acknowledge as much in their complaint. The Plaintiffs further acknowledge that the time limit was properly tolled for eight days in order to accommodate their attorneys’ schedules and for some 50 days while Plaintiff Pei'ez was on military leave.
 

 
 *405
 
 The parties disagree over when the investigation was first classified as criminal and how long it remained criminal. The evidence at the hearing showed that the Department classified the case as criminal from its inception on November 17, 2005 and that the State Attorney did not decide to forego prosecution until at least January 22, 2007.
 

 The parties also disagree over whether the investigation was “active” from its inception until July 2007, when the Department notified Plaintiff Avila and attempted to notify Plaintiff Perez. The Plaintiffs believe it should not have taken so long to investigate the complainant’s allegations and point to Fla. Stat. § 112.533(2)(b) for the proposition that an “investigation will be presumed to be inactive if no finding is made within 45 days after the complaint is filed.”
 
 [2]
 
 This provision is inapplicable to this case for two reasons.
 
 First,
 
 this case is governed by Fla. Stat. § 112.532(6)(a)(2), dealing with the tolling of the 180-day time limitation, not by § 112.533(2)(b), which deals with the exemption of internal affairs investigative information from the public records laws. Subsection 112.532(6)(a)(2) does not use the term “active” and instead provides for the tolling of the limitations period “during the time that any criminal investigation or prosecution is
 
 pending
 
 in connection with the act, omission, or other allegation of misconduct” (emphasis added). “The legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended.”
 
 Maddox v. State,
 
 923 So.2d 442, 446-147 (Fla.2006), quoting,
 
 State v. Mark Marks, P.A.,
 
 698 So.2d 533, 541 (Fla.1997). “When the legislature has used a term ... in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded.”
 
 see also Beach v. Great W. Bank,
 
 692 So.2d 146, 152 (Fla.1997) (quoting
 
 Leisure Resorts, Inc. v. Frank J. Rooney, Inc.,
 
 654 So.2d 911, 914 (Fla.1995). Because the legislature used the term “active” and included a 45-day presumption of inactivity in § 112.533(2)(b), but not in § 112.532(6)(a), the court cannot insert the term or the presumption by implication into the latter section. There is a logical reason for the distinction in the two statutes: It is one thing to require a police department to release records if it delays more than 45 days in conducting an investigation, it is quite another to require that same department to retain an officer who engaged in serious misconduct based on the same delay.
 

 Second,
 
 subsection 112.533(2)(b), by its terms, “does not apply to any public record which is exempt from public disclosure pursuant to chapter 119.” Fla. Stat. § 119.071 (2)(c) exempts “active criminal investigative information” from disclosure under the public records act. Thus, subsection 112.533(2)(b) and the limits it imposes do not apply to active criminal investigations. Pursuant to Fla. Stat. § 119.011(3)(d)(2), “criminal investigative information shall be considered ‘active’ as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith antici
 
 *406
 
 pation of securing an arrest or prosecution in the foreseeable future.” Unlike non-criminal internal affairs investigations, which are subject to the 45-day presumption in subsection 112.533(2)(b), there is no 45-day presumption of inactivity for criminal investigations in subsection 119.011 (3)(d)(2). Because the investigation in this case was criminal in nature, subsection 112.533(2)(b) by its express terms does not apply.
 

 Even if the presumption on inactivity did generally apply to cases under § 112.532, it has been outweighed by the evidence presented in this case. The evidence shows that Sgt. Gonzalez and the Internal Affairs section spent considerable time on this complicated investigation. Given the number of incidents (over 50), the number of witnesses (25), the number of documents (hundreds), and the amount of work necessary to ensure a fair and thorough investigation, the court must conclude that the Department, in accordance with Fla. Stat. § 112.533(2)(b), “continued the investigation in reasonable, good faith anticipation of reaching an administrative finding in a foreseeable” amount of time.
 

 Accordingly, the period of time from the date the complaint was first filed, November 17, 2005 through January 22, 2007, while the case was being investigated criminally must be excluded from the 180 day time period. With this period and the period for Plaintiff Perez’s military service excluded, both Plaintiff Avila and Plaintiff Perez received notice of their potential disciplines within the statute’s 180-day time limit.
 

 CONCLUSIONS
 

 Having considered the evidence and arguments presented at the evidentiary hearing, the Court concludes that the Department notified the Plaintiffs of potential discipline within the 180-day time period set forth in Fla. Stat. § 112.533.
 

 ACCORDINGLY,
 
 it is hereby ORDERED AND ADJUDGED that:
 

 1. The Plaintiffs’ request for injunctive relief is denied.
 

 2. All other requested relief is denied.
 

 3. The complaint is dismissed with prejudice and judgment shall be entered in favor of the Defendant.
 

 Having resolved all issues raised by the parties, the court declares this case CLOSED.
 

 Affirmed.
 

 [1]
 

 . The appellants here also complain that the trial court improperly elided the evidentiary hearing on the temporary injunction with the hearing or trial on the merits of the permanent injunction. The trial court did not abuse its discretion in so doing.
 
 See
 
 Fla.R.Civ.P. 1.270(a);
 
 Amendments to the
 
 Florida Rules of Civil Procedure, 458 So.2d 245, 257 (Fla.1984) (“The right of the court to consolidate the hearing on a temporary injunction with the trial of the action is not affected [by the deletion of a specific provision in Rule 1.610 allowing consolidation] because that can still be accomplished under rule 1.270(a).1').
 

 [2]
 

 . The complete subsection reads:
 

 (b) This subsection does not apply to any public record which is exempt from public disclosure pursuant to chapter 119. For the purposes of this subsection, an investigation shall be considered active as long as it is continuing with a reasonable, good faith anticipation that an administrative finding will be made in the foreseeable future. An investigation shall be presumed to be inactive if no finding is made within 45 days after the complaint is filed.
 

 Fla. Stat. § 112.533(2)(b).