WOLF, J.
Appellant challenges the trial court’s denial of its request for disclosure of public records. Appellees assert, here and below, that the requested documents were exempt from disclosure because they were *1013 either (1) created and maintained by a direct-support organization (DSO), citing section 1004.28(5), Florida Statutes (2006); (2) compiled during university research, citing section 1004.22(2), Florida Statutes (2006); or (3) prepared in anticipation of litigation, citing section 119.071(l)(d)(l), Florida Statutes (2006).
The trial court denied relief based on these three asserted exemptions without inspecting the records at issue. We affirm the trial court’s ruling that the documents prepared by Florida Foundation Seed Producers, Inc. are exempt from disclosure because these documents were prepared and disseminated by a DSO. Section 1004.28(5) exempts all documents that are created by a DSO except for listed exceptions which are not present in this case. See Palm Beach Cmty. Coll. Found., Inc. v. WFTV, Inc., 611 So.2d 588 (Fla. 4th DCA 1993).
However, as to the remaining documents, an in-camera inspection is “generally the only way for a trial court to determine whether or not a claim of exemption applies.” Garrison v. Bailey, 4 So.3d 683, 684 (Fla. 1st DCA 2009) (citing Weeks v. Golden, 764 So.2d 633, 635 (Fla. 1st DCA 2000)); see also Lopez v. Singletary, 634 So.2d 1054, 1058 (Fla.1993) (remarking that “it is for a judge to determine, in an in camera inspection, whether particular documents must be disclosed”).
Accordingly, we REVERSE and REMAND for the trial court to conduct an in-camera inspection of the remaining records to determine if they are exempt from disclosure under the alleged exemptions to the Public Records Act.
BENTON, C.J., and VAN NORTWICK, J., concur.