PER CURIAM.
Richard C. Althouse, the petitioner below, appeals a circuit court order denying his petition for writ of mandamus, in which he challenged the Palm Beach County Sheriffs Office’s (PBCSO) denial of his public records request. We affirm.
Althouse filed a request with PBCSO seeking “[a]ny and all public records” in an ongoing criminal investigation. PBCSO denied his request, asserting that there was a hold on the information because it pertained to an active homicide investigation and prosecution. Althouse filed a writ of mandamus with the circuit court and requested that the court compel PBCSO to provide him with the requested documents.
*289 At an evidentiary hearing, PBCSO argued that the records were part of an active criminal investigation, and, thus, exempt from the Florida Public Records Act. Althouse argued that some of the information may be exempt, but that PBCSO was still required to provide him with redacted copies of the records. PBCSO then discussed an in camera inspection of the records, but Althouse objected. He did not want an in camera inspection unless certain requirements were met, and he did not feel that an inspection would be necessary. Ultimately, the trial court denied Althouse’s request. The court found that PBCSO could assert that the file “as a whole is exempt from production based on the active criminal investigation exemption.”
“The determination of whether something is a public record is a question of law subject to de novo review and is determined on a case-by-ease basis.” Bent v. State, 46 So.3d 1047, 1049 (Fla. 4th DCA 2010) (citations omitted). Section 119.011(3)(a), Florida Statutes, defines criminal intelligence information as “information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity.” Section 119.011(3)(b), Florida Statutes, defines criminal investigative information as “information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission.... ” Such information is exempt from disclosure under Florida’s Public Record Laws. See, e.g., Avila v. Miami-Dade Cnty., 29 So.3d 401, 405-06 (Fla. 3d DCA 2010).
In this case, the parties do not dispute that there is an ongoing criminal investigation. As such, the majority of PBCSO’s records may very well be exempt based upon the aforementioned statutes. However, Althouse objected to an in camera inspection of the records, thereby precluding the trial court from conducting an intelligent review of the documents. It is thus impossible to ascertain which parts of the record, if any, are available to the public. See Walton v. Dugger, 634 So.2d 1059, 1061-62 (Fla.1993) (“When, as in the instant case, certain statutory exemptions are claimed by the party against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the documents to the trial judge for an in camera inspection.”); see also Envtl. Turf. Inc. v. Univ. of Fla. Bd. of Trs., 83 So.3d 1012 (Fla. 1st DCA 2012) (“[A]n in-camera inspection is ‘generally the only way for a trial court to determine whether or not a claim of exemption applies.’” (quoting Garrison v. Bailey, 4 So.3d 683, 684 (Fla. 1st DCA 2009))).
Usually, the trial court’s failure to conduct an in camera inspection of the record would constitute reversible error. See Christy v. Palm Beach Cnty. Sheriff’s Office, 698 So.2d 1365, 1368 (Fla. 4th DCA 1997) (holding that the trial court committed reversible error when it failed to conduct an in camera inspection of records, and remanding with directions that the court conduct an in camera inspection and determine what portion of the records are subject to disclosure). However, in this case, Althouse invited the trial court’s ruling by arguing against an in camera inspection and asserting that one would not be necessary. See Held v. Held, 617 So.2d 358, 360 (Fla. 4th DCA 1993) (“A party cannot claim as error on appeal that which he invited or introduced below.” (citations omitted)). The trial court was unable to determine what portions of the record were subject to disclosure without conduct *290 ing an in camera review. Under the facts and circumstances of this case, we are compelled to affirm the trial court’s ruling.

Affirmed.

TAYLOR, CIKLIN and GERBER, JJ„ concur.