DAMOORGIAN, C.J.
Appellants, Conservation Alliance of St. Lucie County, Inc. and Treasure Coast Defense Fund, Inc. a/k/a Indian River-keeper, appeal the Florida Department of Environmental Protection’s (“FDEP”) final order dismissing their petition for a formal administrative proceeding. We affirm because Appellants do not have stand *624 ing to initiate an administrative proceeding pursuant to section 403.412(6), Florida Statutes (2010).
In 2010, Allied Universal Corporation (“Allied”) and Chem-Tex Supply Corporation (“Chem-Tex”) negotiated a settlement agreement with FDEP to remediate soil and groundwater contamination at a bleach-manufacturing and chlorine-repackaging facility owned by Allied and Chem-Tex. Dissatisfied with its terms, Appellants petitioned for an administrative hearing to challenge the settlement agreement. They claimed standing under section 403.412(6), Florida Statutes, which grants automatic standing to certain Florida corporations to initiate an administrative proceeding. The statute provides that
[a]ny Florida corporation not for profit which has at least 25 current members residing within the county where the activity is proposed, and which was formed for the purpose of the protection of the environment, fish and wildlife resources, and protection of air and water quality, may initiate a hearing pursuant to s. 120.569 or s. 120.57, provided that the Florida corporation not for profit was formed at least 1 year prior to the date of the filing of the application for a permit, license, or authorization that is the subject of the notice of proposed agency action.
§ 403.412(6), Fla. Stat.
An administrative law judge (“ALJ”) entered a recommended order of dismissal, finding that Appellants did not have standing to challenge the settlement agreement. The ALJ concluded that the settlement agreement resolved an enforcement action and thus, does not constitute a “permit, license, or authorization” within the meaning of the statute. FDEP adopted the ALJ’s recommended order in its entirety and entered a final order dismissing Appellants’ administrative petition. This appeal follows.
Although we conduct a de novo review of cases involving an agency’s statutory interpretation, we defer to the agency’s interpretation of a statute it is given the power and duty to administer when that interpretation is reasonable. Capo v. Fla. Pub. Emps. Council 79, 82 So.3d 1116, 1119 (Fla. 4th DCA 2012). Because we hold that FDEP’s reading of section 403.412(6) is reasonable, we affirm the order dismissing Appellants’ administrative petition for lack of standing.
“As with the interpretation of any statute, the starting point of analysis is the actual language of the statute.” Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA 2011) (citing Cont’l Cas. Co. v. Ryan Inc. E., 974 So.2d 368, 374 (Fla.2008)). If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; “the statute must be given its plain and obvious meaning.” Samples v. Fla. Birth-Related Neurological, 40 So.3d 18, 21 (Fla. 5th DCA 2010) (quoting GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007)). However, if a statute is subject to multiple interpretations, the rules of statutory construction apply. Id. (citing GTC, Inc., 967 So.2d at 785). “It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage.” Hecht-man v. Nations Title Ins. of N.Y., 840 So.2d 993, 996 (Fla.2003).
The language of section 403.412(6) is not ambiguous. The statute is clearly premised upon an application for the permit, license, or authorization that the complaining party seeks to challenge. This case does not concern an application for a permit, license, or authorization. Rather, *625 it involves a third-party challenge to a settlement agreement. Accordingly, we hold that Appellants do not have standing to challenge the settlement agreement under section 403.412(6), Florida Statutes (2010).

Affirmed.

FORST, J., and HANZMAN, MICHAEL, Associate Judge, concur.