DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIM CIMINO, PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL CIMINO**, and **KIM CIMINO** ex rel. **KIM AND MICHAEL CIMINO'S SON,**
Appellants,

v.

**AMERICAN AIRLINES, INC.**, a Delaware limited liability company,
Appellee.

No. 4D14-2445

[January 20, 2016]

Appeal from the State of Florida, Florida Commission on Human Relations; L.T. Case No. 2014-00810.

Chris Kleppin, Chelsea A. Lewis and Julie Dumbroff of Glasser & Kleppin, P.A., Plantation, for appellants.

Thomas Mead Santoro and Jason D. Berkowitz of Jackson Lewis P.C., Miami, for appellee.

PER CURIAM.

Kim Cimino, as the personal representative of Michael Cimino's estate and in her capacity as the surviving spouse of Michael Cimino and natural guardian of their son, appeals the Florida Commission on Human Relations' ("FCHR") dismissal of the Charge of Discrimination ("Charge") she filed on behalf of her deceased husband. We reverse, as section 760.02, Florida Statutes (2014) provides that a "legal representative" is entitled to file a complaint for discrimination.

According to the Charge, Mr. Cimino, a non-Hispanic, was discriminated against by his Hispanic supervisor. The Charge detailed a long series of alleged discrimination based on race, national origin, and ethnicity by American Airlines ("Employer"), which eventually led to Mr. Cimino's termination. A few days after his termination, Mr. Cimino committed suicide. Mrs. Cimino then filed the Charge with the United States Equal Employment Opportunity Commission ("EEOC") and the FCHR, alleging that Mr. Cimino had been discriminated against by

Employer in violation of the Florida Civil Rights Act ("FCRA"). She argued that Mr. Cimino's wrongful termination, and the hostility and discrimination that preceded it, led him to commit suicide. The FCHR dismissed the Charge, stating it lacked the authority to investigate the complaint since Mr. Cimino had not initiated the Charge before his death. This appeal followed.

The purpose of the FCRA is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." § 760.01(2), Fla. Stat. (2014). "Any person aggrieved by a violation of ss. 760.01–760.10 may file a complaint with the commission within 365 days of the alleged violation . . . ." § 760.11(1). An "'[a]ggrieved person' means any person who files a complaint with the [FCHR]." § 760.02(10). Under the statute, "'[p]erson' *includes* an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, *legal representative*, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6) (emphasis added). Mrs. Cimino filed her FCRA charge in her capacity as the personal representative of Michael Cimino's estate.

The FCRA is modeled after Title VII of the Civil Rights Act of 1964, *Jones v. Bank of Am.,* 985 F. Supp. 2d 1320, 1327 (M.D. Fla. 2013), and it is usually construed in conformity with that federal statute. *Byrd v. BT Foods, Inc.,* 26 So. 3d 600, 605 (Fla. 4th DCA 2009). As noted in the dissenting opinion, federal courts have interpreted Title VII to prohibit the personal representative of an employee's estate from initiating a complaint for discrimination. *See, e.g., Wright ex rel. Wright v. United States*, 914 F. Supp. 2d 837 (S.D. Miss. 2012); *Pueschel v. Veneman,* 185 F. Supp. 2d 566, 571 (D. Md. 2002).[1] However, the interpretation of Title VII by a federal court is merely persuasive authority for Florida courts interpreting the Florida statute. *Patterson v. Consumer Debt Mgmt. & Educ., Inc.*, 975 So. 2d 1290, 1291 (Fla. 4th DCA 2008). Moreover, the cases cited in the dissenting opinion and in *Wright*[2] involved employment discrimination

---

[1] *But see Collins v. Vill. of Woodridge*, 96 F. Supp. 2d 744 (N.D. Ill. 2000) (personal representative brought claim for sexual harassment under Title VII on behalf of deceased). It is not clear from the facts of *Collins* whether the deceased initiated the complaint prior to her suicide.

[2] The cases cited in *Wright* for the proposition in both *Wright* and *Pueschel* that "[w]hile a complaint initiated by a federal employee may survive her death, the estate of that employee has no right to file a complaint," *Wright*, 914 F. Supp. 2d

2

claims raised by federal employees.  As noted in *Wright*, Title VII provides the exclusive remedy for federal employee discrimination claims.  *Wright*, 914 F. Supp. 2d at 840.  Part of the rationale for dismissing the federal equal employment opportunity ("EEO") complaint of the widower in *Wright* was the inability of the decedent to first exhaust administrative remedies with the EEO division of her agency.  *Id.* at 840–41.  There is no such requirement for non-federal employees under either Title VII or the FCRA.

The starting point for statutory interpretation is, and always has been, the actual language of the statute.  *Knowles v. Beverly Enters.-Fla., Inc.*, 898 So. 2d 1, 5 (Fla. 2004); *Conservation All. of St. Lucie Cnty. Inc. v. Fla. Dep't of Envtl. Prot.*, 144 So. 3d 622, 624 (Fla. 4th DCA 2014).  "If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; 'the statute must be given its plain and obvious meaning.'"  *Conservation All.*, 144 So. 3d at 624 (quoting *Samples v. Fla. Birth-Related Neurological*, 40 So. 3d 18, 21 (Fla. 5th DCA 2010)).

The pertinent statutory language clearly provides that any "person aggrieved" may file a complaint and that a "person" *includes* an "individual" as well as a "legal representative."  §§ 760.11(1), 760.02(6), (10), Fla. Stat.  The use of the word "includes" in a definitional section "is usually taken to mean that it may include other things as well."  Antonin Scalia & Bryan A. Garner, *Reading Law:  The Interpretation of Legal Texts* 226 (2012).  For example, the statute's reference to a "legal representative," as well as a joint-stock company, labor union, trustee in bankruptcy, etc., as entities that may be aggrieved parties with standing to file an FCRA claim provides support for conferring standing on a "personal representative" (to the extent that "personal representative" is not subsumed into the term "legal representative").

Moreover, it cannot be said that Mrs. Cimino was not an "individual" capable of being "aggrieved" by discrimination purportedly directed at her husband prior to his death.  It is not a leap in logic to find that a statute that permits an aggrieved "trustee in bankruptcy" to file an FCRA charge would similarly permit a widow acting in her capacity as personal and legal representative of the deceased's estate to do so.  *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (holding that "the term 'aggrieved' in Title VII incorporates this ["zone of interests"] test, enabling suit by any plaintiff with an interest 'arguably [sought] to be protected by the statute'" (citation omitted)).

_____

at 842, all involved charges filed by the estates of deceased federal employees that got no further in the federal employee administrative process than the EEOC.

The FCRA "shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated [in chapter 760] and the special purposes of the particular provision involved." § 760.01(3), Fla. Stat.; *see Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000) (holding that the FCRA must be construed broadly in favor of remediation). Giving the FCRA its plain and obvious meaning, a personal representative can initiate an FCRA complaint alleging discrimination on behalf of the deceased former employee. Therefore, we reverse the dismissal of the present Charge of Discrimination.

*Reversed and remanded.*

WARNER and FORST, JJ., concur.
STEVENSON, J., dissents with opinion.

STEVENSON, J., dissenting.

I respectfully dissent. I would defer to the agency's interpretation of the statute, which is not clearly erroneous.

"Because the Commission is charged by the Legislature to investigate complaints of discrimination under the Florida Civil Rights Act, its interpretation of the Act is entitled to due deference from this court." *Crane v. Lifemark Hosp. of Fla., Inc.*, 149 So. 3d 718, 722 (Fla. 3d DCA 2014) (citation omitted), *review denied*, 171 So. 3d 115 (Fla. 2015). This court is not to "depart from the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is 'clearly erroneous.'" *Verizon Fla., Inc. v. Jacobs*, 810 So. 2d 906, 908 (Fla. 2002).

I disagree with the majority's conclusion that the FCHR's interpretation of the statute is clearly erroneous. First, the FCHR's conclusion that a personal representative of a decedent's estate is not a "legal representative" of the deceased for all purposes is consistent with the specific and limited duties and powers of a personal representative as set forth in the Florida Probate Code. *See* §§ 733.602, 733.608, Fla. Stat. (2014). Second, the FCHR's interpretation of the statute is in conformity with federal case law interpreting similar language in Title VII. *See, e.g.*, *Wright ex rel. Wright v. United States*, 914 F. Supp. 2d 837 (S.D. Miss. 2012) (Title VII claim cannot be brought by personal representative of employee's estate where the employee did not initiate the complaint for discrimination prior to death); *Pueschel v. Veneman*, 185 F. Supp. 2d 566, 571 (D. Md. 2002) (recognizing "that the survivor of a deceased federal employee has no standing to file an EEO complaint on behalf of that former employee," but personal

representative of deceased employee can be *substituted* as plaintiff *if* deceased employee initiated complaint prior to death).

Here, Mr. Cimino did not initiate a complaint prior to his death. The question of whether a "personal representative" is a "legal representative" of the decedent in the context of the FCRA is not as "plain and obvious" as the majority suggests. As such, deferring to the FCHR's interpretation of the statute, consistent with that of the federal cases, Mrs. Cimino, as personal representative of her deceased husband's estate, could not initiate the discrimination complaint. Accordingly, I would affirm the FCHR's dismissal of the Charge.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***