Klingensmith, J.,
dissenting.
“As with the interpretation of any statute, the starting point of analysis is the actual language of the statute.” Miles v. Parrish, 199 So.3d 1046, 1048 (Fla. 4th DCA 2016) (quoting Conservation All. of St. Lucie Cty., Inc. v. Fla. Dep’t of Envtl, Prot., 144 So.3d 622, 624 (Fla. 4th DCA 2014)). “If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; the statute must be given its plain and obvious meaning.” Id. (internal quotation marks omitted) (quoting Conservation All. of St. Lucie Cty., 144 So.3d at 624). “Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454 (Fla. 1992).
In 1991, the Legislature adopted section 742.045, Florida Statutes, as part of the chapter of statutes entitled “Determination of Parentage,” containing the following attorney’s fees provision:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
§ 742.045, Fla. Stat. (emphasis added).
Eight years later, this court found the Legislature clearly intended for appellate fees not to be awardable in paternity actions under section 742.045. See Gilbertson v. Boggs, 743 So.2d 123, 128 (Fla. 4th DCA 1999) (“[W]e hold that the trial court erred in awarding appellee temporary appellate fees and costs ... where [the appellant’s] action sought to establish paternity and visitation pursuant to Chapter 742 and there is no authority under that chapter for appellate fees.”).
Gilbertson gave effect to the plain statutory language that clearly does not include appeals within its scope. The phrase “any proceeding under this chapter” advises that a court may award fees related only to proceedings brought pursuant to section 742.045. The language used in the statute is limiting, and does not expand the availability of attorney fees to proceedings other than paternity actions litigated in a lower tribunal. It does not state that fees are awardable for “any proceeding” without limitation, or for “any proceeding arising from this chapter.” Under both hypothetical wordings, an award of fees would not necessarily be limited to actions occurring in a lower tribunal, and might arguably be broad enough to include post-judgment or interlocutory appellate matters. Yet, while the statute specifically identifies enforcement and modification actions as “proceedings” under chapter 742, Florida Statutes, nothing within the entirety of that chapter identifies “any proceeding under this chapter” to include appeals. See Ali v. Fed. Bureau of Prisons, 552 U.S. *3 214, 228, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) (“We are not at liberty to rewrite the statute to reflect a meaning we deem more desirable. Instead, we must give effect to the text Congress enacted .... ” (footnote omitted)); Pavelic & LeFlore v. Marvel Entm’t Grp., 493 U.S. 120, 126, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (“Our task is to apply the text, not to improve upon it.”). If the Legislature had intended to extend the effect of this section to other proceedings separate and apart from those maintained in the lower tribunal, it would have so stated.
Inserting missing language into section 742.045 by judicial interpretation, or ignoring the words “under this chapter,” is not akin in this ease to correcting a mere drafting or clerical error; rather, it changes the entire meaning of the statute to allow fee awards in circumstances not authorized therein. This court should not effectively include verbiage where such a revision “would substantively change the entire meaning of the statute in a manner contrary to its plain meaning.” Fla. Dep’t of Revenue v. Fla. Mun. Power Agency, 789 So.2d 320, 324 (Fla. 2001). “Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so. A court’s function is to interpret statutes as they are written and give effect to each word in the statute.” Id. (footnote omitted).
My view of section 742.045 adds nothing to the plain statutory language, nor does it lead to either an unreasonable result or produce a result demonstrably at odds with the intentions of its drafters. Because the wording of section 742.045 is not ambiguous, unreasonable, or illogical, we may not go beyond its clear wording and plain meaning to expand its reach. See Palm Beach Cmty. Coll. Found., Inc. v. WFTV, Inc., 611 So.2d 588, 589 (Fla. 4th DCA 1993). To do so would extend or modify the express terms of the statute, which would be an improper abrogation of legislative power. See Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141, 1144 (Fla. 3d DCA 1998) (citing Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984)).
As such, creating an appellate attorney’s fee award under section 742.045 by amending or rewriting the statute is the Legislature’s job, not ours. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla. 1993) (holding that the court could not expand the scope of the plain language of a statute awarding attorney’s fees, as “the Legislature, rather than [the] Court” would be “the proper party to do so”). This court’s opinion in Gilbertson appropriately applied the plain meaning of the statute to deny an award of appellate fees under section 742.045. Therefore, I respectfully dissent.
Damoorgian, Gerber, Levine and Kuntz, JJ., concur.