NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEESON MEDIA, LLC, a Florida )
limited liability company, )
                               )
        Appellant, )
                               )
v. )         Case No. 2D18-3150
                               )
THE CITY OF TAMPA, a municipal )
corporation, and SHIRLEY )
FOXX-KNOWLES, in her official )
capacity as City Clerk, )
                               )
        Appellees. )
_____)

Opinion filed November 15, 2019.

Appeal from the Circuit Court for
Hillsborough County; Robert A. Foster, Jr.,
Judge.

Richard A. Harrison and Daniela N. Leavitt
of Richard A. Harrison, P.A., Tampa, for
Appellant.

Salvatore Territo, City Attorney, and Kristin
Serafin Ottinger, Assistant City Attorney,
Tampa, for Appellees.

Justin S. Hemlepp of J.S. Hemlepp. P.A.,
Tallahassee, for Amici Curiae First
Amendment Foundation and Knight News,
Inc.

KHOUZAM, Chief Judge.

Deeson Media, LLC, appeals the dismissal of its petition for writ of mandamus, in which it sought public records to verify that the City of Tampa's Director of Finance is a city resident as required by the Tampa City Charter. The trial court determined that a petition for writ of mandamus was the wrong procedural vehicle to address the dispute because the City asserted that the records were exempt from disclosure. This conclusion was incorrect; a petition for writ of mandamus is an appropriate vehicle to challenge the denial of a public records request, even where an exemption has been asserted.[1] See Gonzalez v. State, 240 So. 3d 99, 101 (Fla. 2d DCA 2018) (quoting Walton v. Dugger, 634 So. 2d 1059, 1061-62 (Fla. 1993)); Lorei v. Smith, 464 So. 2d 1330, 1331-32 (Fla. 2d DCA 1985); Gadd v. News-Press Publ'g Co., 412 So. 2d 894, 895-96 (Fla. 2d DCA 1982).

However, this appeal has been rendered moot. Shortly after the petition for writ of mandamus was dismissed, Deeson sought the same public records in a separate action for declaratory and injunctive relief (Case No. 18-CA-7511). The circuit court denied relief.[2] So the substantive issues that the trial court declined to address in the instant case have already been fully resolved in the separate action. "An issue is

---

[1]We note that the Fourth District's opinion in Shea v. Cochran, 680 So. 2d 628, 629 (Fla. 4th DCA 1996), on which the trial court relied, appears to be an outlier. Both before and since Shea was decided, the Fourth District has accepted appeals of circuit court orders on petitions for writ of mandamus that sought to compel disclosure of public records in the face of asserted exemptions. See, e.g., Everglades Law Ctr., Inc. v. S. Fla. Water Mgmt. Dist., 44 Fla. L. Weekly D2356 (Fla. 4th DCA Sept. 18, 2019); Althouse v. Palm Beach Cnty. Sheriff's Office, 89 So. 3d 288 (Fla. 4th DCA 2012); Barfield v. City of Ft. Lauderdale Police Dept., 639 So. 2d 1012 (Fla. 4th DCA 1994); Mills v. Doyle, 407 So. 2d 348 (Fla. 4th DCA 1981).

[2]Deeson's appeal of that order is currently pending before this court in case number 2D19-1382.

moot when the controversy has been so fully resolved that a judicial determination can have no actual effect." Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992). "A case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." Id. Accordingly, we dismiss this appeal as moot.

Dismissed.

SALARIO and SMITH, JJ., Concur.