**Deena H. PARIS, Plaintiff,**

v.

**CITY OF CORAL GABLES, a political subdivision of the State of Florida, and James H. Butler, Defendants.**

**No. 94–0930–CIV.**

United States District Court,
S.D. Florida.

Jan. 27, 1995.

William R. Amlong, Amlong & Amlong, P.A., Ft. Lauderdale, FL, for Plaintiff.

Carmen Sirkin Johnson, Muller Mintz Kornreich Caldwell, Miami, FL, for Defendants.

### *ORDER GRANTING DEFENDANTS' MOTION TO DISMISS*

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendants City of Coral Gables and James H. Butler's Motion to Dismiss Counts I and II as to Defendant Butler and Motion to Dismiss Counts III and IV in Their Entirety, filed June 27, 1994.

 With regard to Counts I and II, the law of the Eleventh Circuit is clear: individual capacity suits under Title VII are inappropriate. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991); *Amy Dickinson v. Dan McCarty, et al.*, 1994 WL 706979 (S.D.Fla. Aug. 1, 1994). Moreover, because federal case law under Title VII is applicable to claims filed under the Florida Human Rights Act ("FHRA"), § 760.10, Florida Statutes, individual capacity claims under the FHRA are likewise inappropriate. *See Florida Dept. of Community Affairs v. Bryant*, 586 So.2d 1205 (Fla. 1st DCA 1991). Hence, the Court shall dismiss Counts I and II as to Defendant James H. Butler only.

As to Counts III and IV, the plaintiff concedes that, based on the authority of *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), these claims cannot withstand dismissal. Accordingly, it is hereby

ORDERED AND ADJUDGED that defendants' motion to dismiss is GRANTED. Counts I and II of the Complaint are DISMISSED WITH PREJUDICE as to Defendant James H. Butler only; and Counts III and IV are DISMISSED WITHOUT PREJUDICE in their entirety.