809 So.2d 81 (2002)
Lois RAY, Appellant,
v.
PENSACOLA SERTOMA CLUB, INC., Liberty Sertoma Club, Inc., Five Flags Sertoma of Pensacola, Inc., Seville Sertoma, Inc., Partnership of the Sertoma Interclub Committee, Sertoma International, and Northeast Sertoma, Appellees.
No. 1D01-1644.
District Court of Appeal of Florida, First District.
February 14, 2002.
Rehearing Denied March 14, 2002.
James F. McKenzie, McKenize & Taylor, P.A., Pensacola, for Appellant.
Clifford W. Sanborn, Barron, Redding, Hughes, Fite, Fensome, Sanborn & Kiehn, P.A., Panama City, for Appellees.
POLSTON, J.
The City of Pensacola approved appellee Pensacola Sertoma Club, Inc.'s request for a special events permit by a letter stating: "Your request concerning Sertoma's 4th of July in Seville Square to be held Sunday, July 4, 1993 beginning at 10:00 a.m., the parade beginning at 3:00 p.m. from Gulf Power on Bayfront Parkway and the firework display to be held at approximately 9:15 p.m. from a barge in the bay is approved. This permission rests upon the organization's compliance with the requirements set forth in the ordinance pertaining to Special Events...." Section 11-4-177 of the City of Pensacola Code, the applicable ordinance, provides:
The applicant for a permit to hold a special event shall agree to indemnify and hold harmless the city, its servants, agents and employees, for any and all claims caused by or arising out of the activities permitted. In certain potentially hazardous situations, as determined by the City Manager, the applicant shall provide an appropriate policy *82 of insurance to protect the City from liability which might arise from the special event.
Sertoma purchased insurance for the special event and named the City as an additional insured.
Appellant Lois Ray, a spectator at the special event, was injured after the event while returning to her vehicle. She fell over a support line that ran from the trunk of a tree to a ground stake. Ms. Ray brought a negligence action against the City and various other defendants, and has subsequently settled all of her claims against the defendants. Pursuant to the terms of her settlement agreement with the City, Ms. Ray received an assignment of the City's rights, if any, to indemnity from Sertoma for the amounts paid to Ms. Ray in settlement of her claim. It is undisputed that Ms. Ray's injuries were caused by the negligence of the City rather than Sertoma. Further, it is undisputed in the record that Ms. Ray's injuries arose out of the activities permitted.
The trial court granted Sertoma's motion for summary judgment, and denied Ms. Ray's motion for summary judgment, on the basis that the City's indemnity does not provide for injuries arising from its own negligence. Because we construe the ordinance to provide indemnity for injuries arising from the City's own negligence, we reverse.

I.
Sertoma argues that the terms of indemnification in the ordinance were incorporated by reference into an agreement between it and the City, as memorialized in the letter from the City approving the permit. Accordingly, citing University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla.1973) and similar cases interpreting language found in contracts, Sertoma asserts that the City cannot seek indemnity for its own negligence without express language providing such a right. However, because the indemnity language is found in an ordinance rather than a contract, the cases cited by Sertoma do not apply.
The City could have required an indemnification agreement to be executed that contained language expressly limited in scope, but chose not to. For example, Pensacola Ordinance § 12-4-12 requires that the owner of any sign erected within or on a public right-of-way in the city "shall execute an agreement" to indemnify the city from and against any and all claims "except to the extent that such injury or damage may be directly caused by the negligence or misconduct of other persons." This ordinance required the use of an executed indemnification agreement, and specifically limited the scope of the indemnification.[1] The City chose not to use similar language in section 11-4-177.

II.
The City does not require an executed written agreement for a special event permit and one was not obtained here. The City's letter approving the permit request from Sertoma was not in the form of an executed written agreement. Moreover, the City did not limit the scope of the indemnification language as it did in other ordinances. Therefore, we reverse and remand *83 with instructions to enter summary final judgment in favor of Ms. Ray.
ERVIN and BENTON, JJ., concur.
NOTES
[1] "[S]tatutes which relate to the same or closely related subjects should be read in pari materia." State v. Fuchs, 769 So.2d 1006, 1009 (Fla.2000). See also Pensacola Ordinances § 9-5-19 (limiting scope of indemnification to member of board); § 12-4-6 (allowing the posting of temporary political signs on city property without a permit as long as the candidate agrees in writing to indemnify the city against any and all claims arising out of the presence of the political sign).