975 So.2d 1290 (2008)
Crystal S. PATTERSON, Appellant,
v.
CONSUMER DEBT MANAGEMENT AND EDUCATION, INC., Debt Solutions Foundation, Inc., Consumer Financial Marketing, Inc., James Armstrong and Keith Klatman, Appellees.
No. 4D07-2031.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
Alan Rosenthal, Jack R. Reiter and Tenikka L. Cunningham of Adorno & Yoss LLP, Miami, for appellant.
J. David Huskey, Jr. of McGee & Huskey, P.A., Fort Lauderdale, for appellee James Armstrong.
Scott D. Owens of Cohen & Owens, P.A., Hollywood, for appellee Keith Klatman.
*1291 WARNER, J.
Crystal Patterson filed a complaint alleging sexual harassment in violation of the Florida Civil Rights Act of 1992 ("FCRA") against her corporate employers, as well as appellees James Armstrong, the owner and sole officer and director of the corporations, and Keith Klatman, the manager of the corporations. The trial court dismissed the complaint against Armstrong and Klatman, because it concluded that the statute did not provide for individual liability. Patterson appeals, contending that Armstrong and Klatman could be liable as agents of the corporation. We hold that the statute does not extend liability to employees and affirm.
In her amended complaint, Patterson alleged that she was employed by Consumer Debt Management and Education, Inc., Debt Solutions Foundation, Inc., and Consumer Financial Marketing, Inc. Armstrong was the owner, sole officer, and director of the corporations during her employment. Patterson stated that Klatman was the manager of the corporations during her employment, and he had told her that he had the power to fire her. She alleged that both Armstrong and Klatman sexually harassed her at work. Upon a motion to dismiss, the trial court found that Armstrong and Klatman were not agents of the employer within the meaning of the Civil Rights Act, and the act did not provide for liability for individual employees of a corporation. It dismissed the complaint against them, prompting this appeal.
The Florida Civil Rights Act provides that it is unlawful for an employer:
To discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.
§ 760.10(1)(a), Fla. Stat. (1992). "Employer" is further defined as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year, and any agent of such a person." § 760.02(7), Fla. Stat. (1992) (emphasis added). As the definition of employer is essentially identical to that in Title VII of the Federal Civil Rights Act, see 42 U.S.C. § 2000e(b), interpretations of Title VII are persuasive in interpreting the Florida Civil Rights Act. Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099, 1104 (Fla.1989) (applying Title VII interpretations to an earlier version of the FCRA); see also Byrd v. BT Foods, Inc., 948 So.2d 921, 925 (Fla. 4th DCA 2007).
The federal circuits are not in accord on the issue of whether individual liability may be imposed on supervisory employees of an employer for Title VII claims. See Shoemaker v. Metro Info. Servs., 910 F.Supp. 259, 264 n. 4 (E.D.Va.1996). The majority of the circuits adhere to the view that an employee/supervisor who does not otherwise meet the definition of "employer" cannot be held individually liable under Title VII as an agent of the employer. See Dearth v. Collins, 441 F.3d 931, 933 (11th Cir.2006); Busby v. City of Orlando, 931 F.2d 764 (11th Cir.1991); Wathen v. Gen. Elec. Co., 115 F.3d 400 (6th Cir.1997). The federal district courts in Florida have followed the Eleventh Circuit and found no liability for individual employees/supervisors of corporate employers under Title VII. See Paris v. City of Coral Gables, 951 F.Supp. 1584 (S.D.Fla.1995); Blount v. Sterling Healthcare Group, Inc., 934 F.Supp. 1365 (S.D.Fla.1996). In both Paris and Blount, the court not only held that Title VII does not permit individual liability, but also that the FCRA does not permit *1292 it. More recently, the Southern District held that individual employees are not liable under the FCRA in Huck v. Mega Nursing Services, Inc., 989 F.Supp. 1462, 1464 (S.D.Fla.1997).
In Byrd, we affirmed the dismissal of all FCRA claims against an individual citing to Huck. 948 So.2d at 928. Thus, we too have taken the position that individual liability does not exist under FCRA.
Although Patterson argues that the statute should be liberally construed in favor of liability of the individual supervisor who actually engaged in the sexual harassment, her position is not supported by the majority of jurisdictions, including our own, which have considered this issue. This interpretation that the statute does not cover individual liability for acts of discrimination is not new. If the legislature disagrees with the majority view, it can always amend the statute. It has not done so, and we will continue to adhere to the view that the FCRA does not impose liability on individual employees/supervisors or individuals who are the sole owners of corporations for acts of discrimination.
Affirmed.
STONE and GROSS, JJ., concur.