WARNER, J.
The appellant challenges a final judgment foreclosing a claim of lien for unpaid condominium assessments. She claims that she had paid the assessments and that the association failed to prove that the claim of lien amount had not been paid. We reverse.
The appellant, Leah Saar, owns a home in Wellesley at Lake Clarke Shores. The homeowners’ association for the community has the power to impose assessments for common expenses. Saar was required to make quarterly payments of $755 for maintenance and a monthly special assessment of $163. Saar frequently paid the assessments late and was assessed a fee. Trouble started when Saar was not credited with a payment for a quarterly assessment of $755 due on October 1, 2005, which was around the time of Hurricane Wilma. Apparently, the association did not receive her check from that month. Six months later the managing agent for the association sent her a letter stating she owed $1,131. The letter did not identify *418 the missed payment from October 2005. Saar responded by letter the next day stating that she had cancelled checks for all payments from January forward, for which the delinquency was claimed. On April 3, 2006, the attorneys for the association sent Saar a letter demanding payment in the amount of $1,580.61. The demand indicates it was for the quarterly assessment of $642 for January 1, 2006; and special assessments of $163 for each of four months — January, February, March and April 2006. It also included interest and late fees which, all totaled, amounted to $1,580.61. The managing agent sent Saar a copy of her payment history showing a balance due of $1,994, including late fees. In response, Saar sent the association copies of four cancelled checks totaling $1,994 which she believed paid the balance in full.
Thereafter on May 11, 2006, the attorneys for the association sent another letter demanding payment. This letter included quarterly assessments and special assessments included in the prior letter for which Saar had produced the cancelled checks showing payment. It added, however, an additional quarterly assessment of $863 for April 1, 2006 and a special assessment of $163 for May 1, 2006, in addition to $320 for attorney’s fees and $67 in interest. The demand letter acknowledged that Saar had made a payment of $1,831 on the previous demand, and it gave a new total of $1,076.49 which was claimed to be owed. Despite the acknowledgement that Saar had paid $1,831 of the previous demand, a claim of lien was filed on June 2, 2006, for three amounts which were past due: April 2, 2006 for $50.49, April 1, 2006 for $863 and May 1, 2006 for $163. In October 2007 the association filed an action to foreclose a lien imposed on Saar’s home for unpaid assessments in the amount of $1,076.49, late fees, interest and attorney’s fees. Saar defended the foreclosure pro se on grounds that she had paid and continued to pay her assessments.
At trial, the testimony provided by the association showed that Saar had paid all of the specific assessments and late fees claimed in all of the letters and the claim of lien, none of which included the October 2005 assessment. Saar also paid that amount when the non-receipt of her payment was brought to her attention. Also, since the foreclosure suit commenced, Saar changed the way that her payments were made, and she has remained current. Nevertheless, because of interest and attorney’s fees, and the fact that payments were applied to the oldest outstanding debt, the association’s records showed that she still owed it $2,252.41, consisting of interest, late fees, and attorney’s fees. Saar testified that several of her checks had not been deposited promptly by the law firm which was collecting the checks, thus causing additional late charges and interest.
The court found for the homeowners’ association and entered final judgment in the amount of $13,322.41 including attorney’s fees of $9,784 and costs of $731. It found that Saar was delinquent in her maintenance assessments from October 2005 through July 2009, in a total amount of $14,768, delinquent in special assessments of $4,402, delinquent in hurricane assessments in the amount of $1,315.08, found there was interest of $1,410.09 and late fees of $600 (for a total of $22,485.17), found attorney’s fees of $9,784 and costs of $731. However, contradictorily, the final judgment also finds that the association received from Saar payments of $20,561.76 to the association for this time period. Further, it is apparent from the testimony that Saar was not delinquent on all of these payments. The totals contained in the final judgment reflect the totals due to *419 the association, less the payments made by Saar. Saar appeals.
The burden is on the association to prove the allegations of its complaint to foreclose a claim of lien. See, e.g., Berg v. Bridle Path Homeowners Ass’n, 809 So.2d 82 (Fla. 4th DCA 2002). In this case, the claim of lien that the association sought to foreclose was for two assessments from April and May 2006 plus a late fee. Section 718.116(5)(b), Florida Statutes, provides that “[t]o be valid, a claim of lien must state ... the amount due, and the due dates.” The testimony at trial showed that both of the assessments stated in the claim of lien, plus all the payments for assessments in the demand letters also attached to the complaint, had been paid at the time of the foreclosure. Based upon the plaintiffs exhibits, the amount due the day prior to the filing of the claim of lien was $775. Thus, the claim of lien was not only incorrect but overstated the amount due. It also never stated that the amounts claimed to be due consisted of interest and attorney’s fees.
When the April demand letter was sent, Saar made payments in excess of the amount claimed. The second demand letter made claims for some of the same assessment for which she had cancelled checks. She subsequently made additional payments. She was not informed of any other past due payments.
The claim of lien was not correct, nor did the complaint to foreclose the claim of lien further inform Saar of any other amounts claimed to be due. While the complaint alleged that at the time of filing there were delinquent unpaid assessments in the amount of $1,076, that was untrue. Only interest and attorney’s fees had not been paid, according to the testimony. In George v. Beach Club Villas Condominium Ass’n, 833 So.2d 816 (Fla. 3d DCA 2002), the court held that it is improper to “piggyback” unpled claimed assessments on top of those claimed in the claim of lien and the foreclosure complaint. “[T]he Florida Rules of Civil Procedure still require parties to give their opponents notice of what is going to be tried.” Id. at 820. Here, the complaint and the attached claim of lien, together with notices of nonpayment, did not provide notice that the actual claims being tried were the claims of interest and attorney’s fees.
This case is similar to Ocean Two Condominium Ass’n v. Kliger, 983 So.2d 739 (Fla. 3d DCA 2008). There the association filed for foreclosure of two liens on two condominium units owned by the Kligers. Because of a mix-up with their debit account, two assessments were not paid on their units. After notice of the missed assessments, they tendered checks to cover the amounts due, but the checks were refused because the claims had already gone to collection with the association’s attorneys. The trial court found that the complaint to foreclose the lien was premature. Agreeing with the trial court, the Third District noted, “Had the Association accepted and applied the tendered payments, the dispute would have been reduced to an inconsequential amount, and the Association’s attorneys could not in good faith have filed to foreclose the miniscule claim remaining.” 983 So.2d at 741. Similarly, in this case, many of Saar’s checks were held and not deposited promptly, causing additional interest and attorney’s fees.
What can be gleaned from this record is that the association and its accounting methods were woefully inadequate to correctly ascertain and give notice of the amounts claimed to be due. Because of this imperfect record-keeping, the association did not make a proper claim of lien, nor did it give sufficient notice in its complaint of its claim. Had it done so, in all *420 likelihood this case would not have even been filed. Saar showed that she consistently made the payments required and had detailed records to support her payments, many of which were not properly credited by the association. She paid all sums due in accordance with the notices and claim of hen.
The court erred in granting final judgment foreclosing the claim of lien as stated.

Reversed for entry of a judgment in favor of the appellant.

TAYLOR and CONNER, JJ., concur.