PER CURIAM.
Kim' Cimino, as the personal representative of Michael Cimino’s estate and in her *1243 capacity as the surviving spouse of Michael Cimino and natural guardian of their son, appeals the Florida Commission on Human Relations’ (“FCHR”.) dismissal of the Charge of Discrimination (“Charge”) she filed on behalf of her deceased .husband. We reverse, as section 760.02, Florida Statutes (2014) provides that a “legal representative” is entitled to file a complaint for discrimination.
According to the Charge, Mr: Cimino, a non-Hispani'c, was discriminated against by his Hispanic supervisor. ' The Charge detailed a long series of alleged discrimination based on race, national origin, and ethnicity by American Airlines (“Employer”), which eventually led to Mr. Cimino’s termination. A few days after his termination, Mr. Cimino committed suicide; Mrs. Cimino then filed the Charge with the United States Equal Employment Opportunity Commission (“EEOC”) and the FCHR, alleging that Mr. Cimino had been discriminated against by Employer in violation of the Florida Civil Rights. Act (“FCRA”). She argued that Mr. Cimino’s wrongful termination, and the hostility and discrimination that preceded it, led him to commit suicide. The FCHR dismissed the Charge, stating it lacked the authority to investigaté the complaint since Mr. Cimino had not initiated the Charge before his death. This appeal followed.
The purpose of the FCRA is “to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or - marital status.” § 760.01(2), Fla. Stat. (2014). “Any person aggrieved by a violation of ss. 760.01-760.10 may file a complaint with' the commission within 365 days of .the alleged violation .,” § 760.11(1). An “ ‘[a]g-grieved person’ means any person -who files a complaint with the [FCHR].” § -760.02(10). Under the statute, “ ‘[person’ includes an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency.” § 760.02(6) (emphasis added). ■ Mrs. Cimi-no filed her FCRA charge in. her capacity as the personal representative of Michael Cimino’s estate.
The FCRA is modeled after Title VII of the Civil Rights Act of 1964, Jones v. Bank of Am., 985 F.Supp.2d 1320, 1327 (M.D.Fla.2013), and it is usually construed in conformity with that federal statute. Byrd v. BT Foods, Inc., 26 So.3d 600, 605 (Fla. 4th DCA 2009). As noted in the dissenting opinion, federal courts have interpreted Title VII to prohibit the personal representative of an employee’s estate from initiating a complaint for discrimination. See, e.g., Wright ex rel. Wright v. United States, 914 F.Supp.2d 837 (S.D.Miss.2012); Pueschel v. Veneman, 185 F.Supp.2d 566, 571 (D.Md.2002).[1] However, the interpretation of Title VII by a federal court is merely persuasive authority for Florida courts interpreting the Florida statute. Patterson v. Consumer Debt Mgmt. & Educ., Inc., 975 So.2d 1290, 1291 (Fla. 4th DCA 2008). Moreover, the cases cited in the dissenting opinion and in Wright[2] involved employment *1244 discrimination claims raised by federal employees. As noted in Wright, Title VII provides the exclusive remedy for federal employee discrimination claims. Wright, 914 F.Supp.2d at 840. Part of the rationale for dismissing the federal equal employment opportunity (“EEO”) complaint of the widower in Wright was the inability of the decedent to first exhaust administrative remedies with the EEO division of her agency. Id. at 840-41. There is no such requirement for non-federal employees under either Title VII or the FCRA.
- The starting point for statutory interpretation is, and always has been, the actual language of the statute. Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 5 (Fla.2004); Conservation All. of St. Lucie Cnty. Inc. v. Fla. Dep’t of Envtl. Prot., 144 So.3d 622, 624 (Fla. 4th DCA 2014). “If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; ‘the statute must be given its plain and obvious meaning.’ ” Conservation All, 144 So.3d at 624 (quoting Samples v. Fla. Birth-Related Neurological, 40 So.3d 18, 21 (Fla. 6th DCA 2010)).
The pertinent statutory language clearly provides that any “person aggrieved” may file a complaint and that a “person” includes an “individual” as well as a “legal representative.” §§ 760.11(1), 760.02(6), (10), Fla. Stat. The use of the word “includes” in a definitional section “is usually taken to mean that it may include other things as well.” Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 226 (2012). For example, the statute’s reference to a “legal representative,” as well as a joint-stock company, labor union, trustee in bankruptcy, etc., as entities that may be aggrieved parties with standing to file an FCRA claim provides support for conferring standing on a “personal representative” (to the extent that “personal representative” is not subsumed into the term “legal representative”).
Moreover, it cannot be said that Mrs. Cimino was not an “individual” capable of being “aggrieved” by discrimination purportedly directed at her husband prior to his death. It is not a leap in logic to find that a statute that permits an aggrieved “trustee in bankruptcy” to file an FCRA charge would similarly permit a widow acting in her capacity as personal and legal representative of the deceased’s estate to do so. See Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 178, 131 S.Ct. 863, 178 L.Ed.2d 694 (2011) (holding that “the term ‘aggrieved’ in Title VII incorporates this [“zone of interests”] test, enabling suit by any plaintiff with an interest ‘arguably [sought] to be protected by the statute’ ” (citation omitted)).
The FCRA “shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated [in chapter 760] and the special purposes of the particular provision involved.” § 760.01(3), Fla. Stat.; see Joshua v. City of Gainesville, 768 So.2d 432, 436 (Fla.2000) (holding that the FCRA must be construed broadly in favor of remediation). Giving the FCRA its plain and obvious meaning, a personal representative can initiate an FCRA complaint alleging discrimination on behalf of the deceased former employee. Therefore, we reverse the dismissal of the present Charge of Discrimination.

Reversed and remanded.

*1245 WARNER and FORST, JJ., concur.
STEVENSON, J., dissents with opinion.

. But see Collins v. Vill. of Woodridge, 96 F.Supp.2d 744 (N.D.Ill.2000) (personal representative brought claim for sexual harassment under Title VII on behalf of deceased). It is not clear-from the facts of- Collins whether the deceased initiated the'complaint prior to hér suicide.

. The cases cited in Wright for the proposition in both Wright and Pueschel that /‘[wjhile a complaint initiated by a federal employee may *1244 survive her death, the estate of that employee has no right to file a complaint,'' Wright, 914 F.Supp.2d at 842, all involved charges filed by the estates of deceased federal employees that got no further in the federal employee administrative process than the EEOC.