Klingensmith, J.
Jonathan M. Dwork (“appellant”) asks this court to decide whether Executive Estates of Boynton Beach Homeowners Association , (“HOA”) was obligated under section 720.305(2)(b), Florida Statutes (2013), to provide him with fourteen days’ notice of a hearing on alleged violations of maintenance requirements before imposing fines, or whether HOA could be entitled to money damages for unpaid fines so long as it substantially complied With the statute’s' notice provision. We find that strict compliance with the notice provision of the statute was a necessary prerequisite for HOA to impose fines. Accordingly, because HOA provided appellant with only thirteen days’ notic'e of the hearing, we reverse the money damages awarded to HOA for the unpaid fines.
Appellant owns and resides in a single family house within HOA’s development. HOA’s governing documents require all homeowners to keep them roofs and driveways clean and their fences in good condition. HOA notified appellant of his violar tions of these requirements multiple times over the preceding years, but he neither fixed them nor responded to any of the notices. In 2013, after an inspection confirmed the continued existence of these maintenance violations, HOA informed appellant of the violations by certified letter and provided a thirty-day cure period to bring the property into compliance. Not receiving an answer, HOA sent another certified letter providing for an additional fifteen days to comply. Appellant was completely unresponsive to HOA’s repeated attempts to contact and notify him.
On May 23, 2013, HOA' sent appellant another notice by both regular and certified mail informing him that thirteen days later on June 5 a hearing would také place before the fine committee to consider his maintenance violations. In compliance with its bylaws, HOA also posted the notice on a bulletin board at the development’s clubhouse, Again, the copy of the notice sent by certified mail’ was returned unclaimed. *860 The fíne committee meeting commenced as scheduled on June 5, with the committee voting to impose fines on appellant for three violations, HOA’s board ratified the committee’s decision on June 25. Two days later, HOA sent appellant another letter, informing him of the committee’s decision and that starting on July 2, he would be fined $25 per day for each of the three violations if they were not remedied. As was the practice, appellant neither responded to the letter nor remedied the violations.
On September 5, 2013, HOA’s attorneys mailed appellant a letter demanding payment of the fines and informing him that a lien would be recorded on his property if the fines remained unpaid. Appellant neither responded nor remedied the violations. On January 27, 2014, HOA’s attorneys mailed appellant another letter informing him that they were recording a lien on his property for $7,500.00 as the full amount of the accrued fines, which was the maximum allowed ($2,500.00 fine for each violation), plus fees and costs incurred, totaling $8,135.00. This certified letter also went unclaimed. On January 29, 2014, the clerk recorded the lien on appellant’s property in the public records. Appellant never contacted HOA regarding the lien.
HOA then filed a two-count complaint against appéllant for foreclosure and damages, as well as attorney’s fees and costs. The first count sought to foreclose on the claim of lien for fines imposed as assessments for violations of HOA’s declaration of covenants, articles of incorporation, and rules. The second count sought ⅜ judgment for money damages in the amount of $7,500 for failure to pay those same fines. The cause went to a non-jury trial in April 2016, whereupon the court entered - final judgment. On the first count, the court denied foreclosure since the thirteen-day notice provided to appellant by HOA did not comply with the fourteen-day notice provision of section 720.305(2)(b) or HOA’s declarations and bylaws, thereby rendering the HOA unable to enforce its claim of lien against appellant’s property. However, despite HOA’s failure to strictly comply with the statutory notice provision, the court awarded money damages to HOA on its second count, reasoning that the “equities of this cause [were] with [HOA] and against [appellant].” The court also granted HOA entitlement to reasonable fees and costs. This appeal followed.
As this is a matter of statutory interpretation, we review the application of section 720.305 de novo. Miles v. Parrish, 199 So.3d 1046, 1047 (Fla. 4th DCA 2016).
At the time when HOA sent appellant the hearing notice, section 720.305(2)(b) provided that “[a] fine or suspension may not be imposed without at least 14 days’ notice to the person sought to be fined or suspended and an opportunity for a hearing before a committee.”[1]
As to the first count for foreclosure on the claim of lien, the court properly denied relief. Pursuant to section 720.305(2)(b), HOA was required to provide appellant with at least fourteen days’ notice of the fine committee hearing.
Section 720.305(2)(b) is protective, and the notice requirement functions as a condition precedent to the attachment of a lien. This time requirement for the notice is no mere technicality. Failure to provide sufficient time to prepare a defense to a claim of violation deprives the homeowner of due process, thus negating the validity *861 of any resulting lien obtained from such noncompliance.
Nothing in the wording of the statute implies 'that compliance with the time requirement is discretionary. Since section 720.305(2)(b) is clear and unambiguous, the statute must be strictly construed. See Miles, 199 So.3d at 1048 (“As with the interpretation of any statute, the starting point of analysis is the actual language of the statute. If the. language is clear and unambiguous, there is no need to resort to the rules of statutory construction; the statute must be given its plain and obvious meaning.” (quoting Conservation All. of St. Lucie Cty., Inc. v. Fla. Dep’t of Envtl. Prot., 144 So.3d 622, 624 (Fla. 4th DCA 2014)) (internal quotation marks omitted)).
The Florida Supreme Court has held that liens which are “purely creatures of statute” can only be acquired, created, or attached to property if the statutes from which they derive are strictly followed. See Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280, 281 (Fla. 1992); Stresscon v. Madiedo, 581 So.2d 158, 160 (Fla. 1991) (“Because .the acquisition of a mechanic’s lien is purely statutory, there must be strict compliance with the mechanics’ lien law in order to acquire such a lien.”); see also Stock Bldg. Supply of Fla., Inc. v. Soares Da Costa Constr. Servs., 76 So.3d 313, 316 (Fla. 3d DCA 2011); Delta Fire Sprinklers, Inc. v. OneBeacon Ins. Co., 937 So.2d 695, 698 (Fla. 5th DCA 2006) (“A construction lien is ‘purely a creature of the statute,’ and because it is of this nature, persons seeking its benefits must strictly comply with the requirements of the construction lien law.”).
HOA argues that substantial compliance with section 720.305(2)(b) was sufficient, especially since appellant was not prejudiced by the lack of an extra day’s notice. Here, however, the substantial compliance argument fails because the statute specifically requires without exception at least fourteen days’ written notice of a scheduled hearing. As the Stresscon court observed in holding that nothing in the language of section 713.16(2), Florida Statutes, permitted “either substantial compliance or lack of prejudice to be considered in determining the validity of a [mechanics’] lien”:
The fact that no prejudice has been nor can be shown is not the determining factor in this case; nor is it significant that' Stresscon substantially complied with the mechanics’ lien law. The courts have permitted substantial compliance or adverse effect to be considered in determining the validity of a lien when there are specific statutory exceptions which permit their consideration.
581 So.2d at 160 (emphasis added).
Section 720.305 does not contain any “specific statutory exceptions which permit” the trial court to consider substantial compliance with the notice requirement or lack of prejudice to the person sought to be fined.
Where a statute’s language is clear and unambiguous, the power to construe it does not exist. Cimino v. Am. Airlines, Inc., 183 So.3d 1242, 1244 (Fla. 4th DCA 2016). Because section 720.305(2)(b) is unambiguous as to its fourteen-day written notice requirement and does not contain any exceptions permitting considerations of substantial compliance or lack of prejudice, we must reject HOA’s contention that its thirteen days’ written notice to appellant sufficed to satisfy the statute’s straightforward notice requirement.
Where notice does not meet that requirement, a lien under this statute cannot attach to property. The trial court was therefore correct in ruling that proper notice had to be given by HOA in strict compliance with the statutory requirements to perfect its entitlement to a lien. Yet, for these same reasons, the trial court *862 erred in awarding money damages to HOA for unpaid fines based on what it perceived to be the “equities” of the¡ case, Section 720.305(2)(b) explicitly provides that no fine may be imposed without at least fourteen days’ notice to the person sought to be fined. The statute does not provide, a basis for the court to fashion an equitable remedy. Here, the court , based its $7,500.00 award to HOA on the maximum amount of accrued fines that HOA could impose; but without strict compliance with the notice provision of the statute, HOA’s imposition of those fines were null.
Additionally, the substantial compliance argument is inapplicable because as the party seeking affirmative relief under the lien statute, HOA had to strictly comply with the statute’s provisions. See Hiller v. Phoenix Assocs. of S. Fla., Inc., 189 So.3d 272, 274 (Fla. 2d DCA 2016); Sasso Air Conditioning, Inc. v. United Cos. Lending Corp., 742 So.2d 468, 470 (Fla. 4th DCA 1999).
In other contexts, a procedural irregularity regarding notice that does not injure or harm. the complaining party might not result in setting aside a claim. Generally, notice provisions of a statute should be applied in a way to further the main purpose of those requirements; that is, to apprise interested parties of the pen-dency of the action and-afford them an opportunity to present their objections and defenses at a hearing. The evidence in this case was clear that appellant had actual notice of the hearing, yet continued with his longstanding practice of ignoring it in the same way he did with all the prior notices. While the trial court was correct in its view that the equities in this case certainly favored HOA, case law nonetheless compels us to hold that HOA was required to strictly comply with the dictates of section 720.305(2)(b) to perfect its ability to impose and collect the fines. Accordingly, we. reverse the final judgment and remand for entry of final judgment in favor of appellant.

Reversed and Remanded.

May and Kuntz, JJ., concur.

. While section 720.305(2)(b) has since been amended, the fourteen-day notice provision has not.