DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY PASH,** Trustee of
The Herbert and Minnie Pasch Family Trust dated May 12, 1996,
Appellant,

v.

**MAHOGANY WAY HOMEOWNERS ASSOCIATION, INC.,**
Appellee.

No. 4D19-3367

[January 27, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. CACE18011296(09).

Winsor Daniel, Jr. of Winsor Daniel Jr., P.L., Pembroke Pines, for appellant.

Michael Solloa, Jr. of Tripp Scott, P.A., Fort Lauderdale, for appellee.

ARTAU, J.

Appellant challenges a final summary judgment in a homeowners' association foreclosure of a lien for unpaid assessments. This judgment came as a result of dueling summary judgment motions, yet genuine issues of material fact remain to be resolved below. Thus, we reverse the entry of summary judgment for the association on its motion for summary judgment, while affirming the denial of appellant's motion for summary judgment.

**Background**

The association filed a homeowner's association foreclosure action against appellant claiming he had failed to pay outstanding quarterly assessments and costs. The parties each moved for summary judgment.

In support of its motion for summary judgment, the association attached its governing document, entitled "Declaration of Covenants, Restrictions and Easements" (the "Declaration"), the demand letters it sent

to appellant, and an affidavit attested to by its president. In opposition, appellant submitted his affidavit and letters to the association stating that he did not receive the required written notifications of the amounts due, and that he did not owe what the association was demanding.

Appellant's motion for summary judgment claimed that the association overstated the amount of assessments due and, therefore, did not comply with section 720.3085(1)(a), Florida Statutes (2018), requiring a claim of lien to include "the assessment amount due."

The association concedes that it made a mistake in its calculation of the assessments, but that it corrected the amount owed when it filed the foreclosure case, and that regardless of the mistake, appellant was delinquent in the amounts owed to the association under the Declaration.

The circuit court denied appellant's motion for summary judgment but granted the association's motion and entered a final summary judgment of foreclosure on the association's claim of lien.

## Standard of Review

The standard of review on a motion for summary judgment is de novo. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment cannot be granted if there remains any disputed genuine issue of material fact. *Albelo v. Southern Bell*, 682 So. 2d 1126, 1129 (Fla. 4th DCA 1996).

"The constitution and by-laws of a voluntary association, when subscribed or assented to by the members, becomes a contract between each member and the association." *Waverly 1 & 2, LLC v. Waverly at Las Olas Condo. Ass'n, Inc.*, 242 So 3d 425, 428 (Fla. 4th DCA 2018). Accordingly, the association's Declaration is an enforceable contract between the parties here.

## The Association's Declaration

In relevant part, Section 6.03 of the Declaration provides:

> At least ten (10) days prior to the beginning of each fiscal year (or within 30 days following recording of this Declaration for the balance of 1994), the Board of Directors shall prepare, adopt and distribute to all Members a written, itemized, estimated budget of the Common Expenses to be incurred by

the Association during the coming year in performing its functions under this Declaration.

Furthermore, Section 6.10 of the Declaration provides:

> Written notice of such Assessments and the due date(s) thereof shall be sent to every Owner subject to such Assessments. The Association shall, upon reasonable request of any Owner, furnish to such owner or any prospective purchaser or the purchaser's mortgages a certificate in writing signed by an officer of the Association setting forth the amount of current Assessments and whether any delinquencies exist.

## Analysis

Appellant's affidavit and letters to the association dispute the assessments owed and compliance with the Declaration's notice requirements. The Declaration contractually requires the association to submit an annual budget to each homeowner setting forth the quarterly assessments for each year and written notice with the due dates for those assessments. In addition, the Declaration requires the association to provide a certificate setting forth the amount of current assessments upon the reasonable request of any homeowner. The association's summary judgment evidence failed to include each of the relevant budgets and notices, together with proof that they were provided to appellant in response to his affidavit. Accordingly, the association's compliance with these contractual requirements before imposing its lien and foreclosing on appellant's property are genuine issues of fact that remain in dispute.

The dissenting opinion urges us to adopt an interpretation of section 720.3085(1)(a), Florida Statutes (2018), that would invalidate any claim of lien that contains an error in the amount of unpaid assessments. The dissent relies on a definite article employed by the Florida Legislature— "the"—as invalidating an association's claim of lien containing any overstatement of the amount owed. The dissent construes the statute's requirement of including "the assessment amount due" such that—*the* assessment—would be understood to means—the *correct* assessment. In support of this construction, the dissent reasons that if the Legislature had wanted to include a safe harbor provision to allow for errors in the calculation of the claim of lien, it could have included analogous language to that of the mechanics lien statute in section 713.08(3), Florida Statutes (2018) ("[T]he negligent inclusion or omission of any information in the claim of lien which has not prejudiced the owner does not constitute a default that operates to defeat an otherwise valid lien.").

If we were to adopt the dissent's interpretation, we would be reading into the statutory language what the Legislature never included. The Legislature certainly could have included a clarifying adjective such as "correct" before the noun "assessment" in its statutory requirements for a valid claim of lien. Moreover, the Legislature could have provided that any error in a claim of lien, big or small, would wholly invalidate the amount of an association's claim, but it chose to not do so. Instead, the Legislature provided homeowners with a procedure for contesting an error in a claim of lien by either filing a notice of contest pursuant to section 720.3085(1)(b), Florida Statutes (2018), or challenging the foreclosure action. After all, the association is asserting only a *claim* of lien. Like all claims, it must be proven before the association can be considered the prevailing party. If the association does not prevail on the issues in dispute, the homeowner may recover his or her attorney's fees and costs against the association.

Nothing in section 720.3085(1)(a) suggests that the claim must be free of error for it to serve as an otherwise valid claim of lien. If the Legislature intended otherwise, it would have utilized more than a definite article—"the"—to do what the dissent attributes to that commonly used article. As written, the Legislature has used the word "the" to merely define what needs to be included in a valid claim of lien—one specified amount claimed to be due in unpaid assessments—without precluding the potential for a mistake in the claimed amount that would, of course, be subject to a contest or challenge in further proceedings.

Moreover, the dissent's reliance on the affirmance in *Meadows of Miramar Homeowners Ass'n, No. 1, Inc. v. Rodriguez*, 155 So. 3d 496 (Fla. 4th DCA 2015) (citing *Saar v. Wellesley at Lake Clarke Shores Homeowners Ass'n*, 68 So. 3d 417 (Fla 4th DCA 2011)), is misplaced. As acknowledged by the dissent, *Saar* did not hold that a claim of lien is invalid if it contains a mistake or overstatement in the amount of unpaid assessments. Thus, the affirmance in *Meadows* with a citation to *Saar* could not have extended a holding that was never reached in the case it cites.

### Conclusion

While we conclude that the circuit court erred in entering summary judgment for the association, we do not interpret section 720.3085(1)(a) as invalidating a claim of lien simply because it contains a mistake or overstatement in the amount of unpaid assessments. Therefore, we do not find error in the circuit court's denial of appellant's summary judgment motion. Accordingly, we reverse the summary judgment entered for the

association, affirm the denial of appellant's summary judgment motion, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

LEVINE, C.J., concurs.
WARNER, J., concurs in part and dissents in part with an opinion.

WARNER J., concurring in part and dissenting in part.

While I concur with the majority's reversal of the summary judgment entered for the association, I dissent in the majority's affirmance of the denial of appellant's summary judgment motion. Appellant challenges a final judgment of foreclosure of a homeowner association lien for unpaid assessments. He contends that the court erred in enforcing the claim of lien because it overstated the amount of assessments due. Because section 720.3085, Florida Statutes (2018), requires that a claim of lien, to be valid, must include "the" amount due, and such statutes must be strictly construed, I would reverse the denial of appellant's motion for summary judgment and remand with instructions to enter summary judgment for appellant.

Appellant is the owner of real property located within a development governed by appellee Mahogany Way Homeowners Association, Inc. ("the HOA"). In December 2017, the HOA sent a demand letter asserting that assessments on appellant's property were past due. The assessments amounted to $666.72 and included $342 for three quarters of maintenance at $113 per quarter, plus associated late charges, collection fees, and legal fees and costs. The letter notified appellant that the HOA intended to file a claim of lien if the amounts were not paid within forty-five days of the date of the letter. Appellant sent a check for $342 for the assessments but contested the other charges as he claimed he had not been notified of the assessments.

The HOA sent a second letter of notice of intent to foreclose. This included an additional quarterly assessment of $113, plus additional late charges, interest, collection fees, and costs and attorney's fees. While this letter stated that a claim of lien had been filed, the claim of lien was filed later.

Contrary to the contents of either letter, the recorded claim of lien showed the amount of assessments due as $370 per quarter for all but one quarter for a total of $1,226, plus interest, costs of collection, and attorney's fees.

More than forty-five days later, the HOA filed a one-count complaint to foreclose its claim of lien. The HOA alleged that appellant owed $568 in past due assessments, plus interest, late charges, costs, and attorney's fees.

After an answer and affirmative defenses were filed, the HOA moved for summary judgment, attaching affidavits of amounts due, together with affidavits for attorney's fees. The amounts due included maintenance assessments incurred after the filing of the complaint.

Appellant responded that the claim of lien was not valid, that he had made payments which had not been credited to him, and that he had not received proper notice of the payments.

Appellant also moved for summary judgment. He argued that the claim of lien was invalid for failure to comply with section 720.3085, Florida Statutes (2018), because the claim of lien overstated the amount of assessments due. The HOA responded that "a mere typo" resulted in the incorrect amount in the claim of lien and that it would be inequitable to "absolve" appellant of his debt to the association because of this mistake.

The trial court granted the HOA's motion for summary judgment and denied appellant's motion. It entered a final judgment of foreclosure, not in accordance with the amounts in the claim of lien, but the amount in the affidavit of indebtedness. The appellant was given credit for payments he made during the pendency of the action. The ultimate amount due was $1,295. The court found that the attorneys' time was reasonable, but inexplicably did not include attorney's fees in the original final judgment. It reserved jurisdiction to award attorney's fees, which, according to the affidavit, amounted to $33,267.50.

In this appeal, appellant contends that the court erred in denying his motion for summary judgment and granting the HOA's motion. Because I conclude that appellant's motion should have been granted and that it disposes of this appeal, I address the issues raised in his motion for summary judgment upon a de novo review. *See Leon v. Pena*, 274 So. 3d 410, 412 (Fla. 4th DCA 2019).[1]

---

[1] The HOA argues that because of the absence of a transcript of the hearing on the summary judgment motions, appellant cannot demonstrate error, based upon *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979). Because our review of a motion for summary judgment is de novo, transcripts of hearings are ordinarily not necessary for review. *See Shahar v. Green Tree Serv. LLC*, 125 So. 3d 251, 254 (Fla. 4th DCA 2013). While a transcript of a summary

The development's Declaration of Covenants provides that the HOA has a lien on a homeowner's parcel for unpaid assessments. Article 7.01 of the Declaration provides that the HOA "may enforce the collection thereof and all charges thereon in the manner authorized by law and this Declaration." Thus, the Declaration requires that enforcement occur in "the manner authorized by law."

Section 720.3085(1)(a), Florida Statutes (2018), provides in part:

> *To be valid*, a claim of lien must state the description of the parcel, the name of the record owner, the name and address of the association, *the* assessment amount due, and the due date. The claim of lien secures all unpaid assessments that are due and that may accrue subsequent to the recording of the claim of lien and before entry of a certificate of title, as well as interest, late charges, and reasonable costs and attorney fees incurred by the association incident to the collection process.

(Emphasis supplied).

Where enforcement of a lien is governed by statute, the statute must be strictly construed. *See Dwork v. Exec. Estates of Boynton Beach Homeowners Ass'n*, 219 So. 3d 858, 861 (Fla. 4th DCA 2017). Here, because the claim of lien is governed by the statute, there must be strict compliance with its terms in order for the claim of lien to be valid. *Id.*

Black's Law Dictionary defines "valid" as "legally sufficient; binding." *Valid*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, for a claim of lien to be legally sufficient, it must contain certain information, including the amount of the assessment due. The statute's use of the article "the" refers to a specific amount. *See The*, MERRIAM-WEBSTER ONLINE DICTIONARY, http://www.merriam-webster.com/dictionary/the (last visited Nov. 24, 2020) (defining "the" in definition 1.a. as follows: "—used as a function word to indicate that a following noun . . . is definite . . .").

---

judgment hearing may be necessary "in cases where preservation of a legal argument might otherwise be in question," *Johnson v. Deutsche Bank Nat'l Tr. Co. Ams.*, 248 So. 3d 1205, 1211 (Fla. 2d DCA 2018), the argument we address in this appeal was preserved in appellant's motion for summary judgment, rendering a transcript of the summary judgment hearing unnecessary for our review.

In *Saar v. Wellesley at Lake Clarke Shores Homeowners Association, Inc.*, 68 So. 3d 417 (Fla. 4th DCA 2011), we considered a claim of lien filed under section 718.116(5), which is nearly identical to section 720.3085. There, the HOA filed suit against the homeowner for two unpaid assessments. *Id.* at 419. The claim of lien was incorrect and overstated the amount due. *Id.* While the trial court entered final judgment for the association, on review we determined that the HOA had failed to prove that the homeowner had not paid the amount due in the claim of lien. *Id.* at 420. The claim of lien did not put the homeowner on notice of the amount of the claims due, nor did its complaint. *Id.* at 419. Because the HOA's accounting methods were "woefully inadequate," the association did not make a proper claim of lien and did not prove that the homeowner had failed to pay the assessments due. *Id.*

*Saar* noted that the claim of lien overstated the amount due, but it did not hold that the claim of lien was invalid for that reason. However, in *Meadows of Miramar Homeowners Association, No. 1, Inc. v. Rodriguez*, 155 So. 3d 496, 496 (Fla. 4th DCA 2015), in a per curiam opinion citing only to *Saar*, the parenthetical explanation of *Saar* states "reversing foreclosure judgment where the claim of lien overstated the amount due." *Meadows of Miramar* thus strongly suggests that this court has concluded that a claim of lien is invalid where the amount of assessments due is overstated.

Where a claim of lien overstates the amount due, it does not comply with the requirements of the statute, which are strictly construed. There is no provision in the statute which provides for omission or correction of errors, as there is in the mechanics lien statute. *See* § 713.08(4)(a), Fla. Stat. (2018). The mechanics lien statute also contains a provision that "the negligent inclusion or omission of any information in the claim of lien which has not prejudiced the owner does not constitute a default that operates to defeat an otherwise valid lien." § 713.08(3), Fla. Stat. (2018). When the Legislature intends to provide for such provisions, "it obviously knows how to say so in unmistakable language." *Kraft Gen. Foods, Inc. v. Rosenblum*, 635 So. 2d 106, 109 (Fla. 4th DCA 1994). The Legislature did not see fit to include such language in section 720.3085.

Appellee argues that this is a mere scrivener's error, which may be overlooked. It claims it would be inequitable to deprive it of its lien simply because it overstated its claim of lien by double the amount actually owed. It offers no statutory or case support for its contention.

Demanding strict compliance with the claim of lien statute, particularly as to the amount of assessments due, may have the salutary effect of improving association accounting. This would avoid situations as

8

occurred in *Saar* in which negligent record keeping led to an expensive, and ultimately unsuccessful, lawsuit. Moreover, I agree with the Third District that "[b]ecause of the statutory lien rights and the power to prosecute the foreclosure action, an association and its attorneys have ample leverage, and the unit owners have very little." *Ocean Two Condo. Ass'n v. Kliger*, 983 So. 2d 739, 740 (Fla. 3d DCA 2008). Insisting on strict compliance with the statute on claims of lien may be the small leverage homeowners have in such circumstances. In this case, it appears that the appellant paid most, if not all, of the assessments, including those which accrued after the filing of the foreclosure complaint. He balked at paying mounting attorney's fees and late charges for assessments of which he claimed he was unaware.

The filing of a claim of lien which does not comply with the statute may prevent foreclosure of it without amendment, correction or reformation. But section 720.3085 does not affect the ability to obtain a civil judgment for unpaid assessments when pled. In this case, the Declaration of Covenants provides in Article 7.01 that "[t]he Association may bring an action at law against the Owner(s) . . . or foreclose its lien against the Lot of such owner, or both." While it was entitled to bring a collection action at law, the HOA did not include such a claim in its complaint. It sought only to foreclose on its claim of lien. Because a collection action at law was never pled, the HOA is now not entitled to assert a new claim in this suit.

For the foregoing reasons, I would reverse and remand for entry of final judgment in favor of appellant.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

9