# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2172
Lower Tribunal No. 23-18997
_____

**Karla Pacheco,**
Appellant,

vs.

**Waldo Acebo, M.D., P.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Gallup Auerbach and Dana M. Gallup (Hollywood), for appellant.

SMM Law, P.A., and Suhaill M. Morales, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

GORDO, J.

## ON MOTION FOR REHEARING OR REHEARING *EN BANC*

We deny the motion for rehearing or rehearing *en banc* but withdraw our previous opinion and substitute the following opinion in its stead.

Karla Pacheco ("Pacheco") appeals a final order granting Waldo Acebo, M.D., P.A.'s ("Acebo") motion to dismiss the complaint for failure to exhaust administrative remedies. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's order, we affirm.

**I.**

Pacheco filed a discrimination complaint with the Miami-Dade Commission on Human Rights (the "Commission") against her employer, Acebo. In her complaint, Pacheco alleged sexual harassment under chapter 11A-28 of the Miami-Dade County Code of Ordinances (the "Ordinance").

The Ordinance required the Commission to determine probable cause, so far as practicable, within one hundred eighty (180) days of the complaint.[1] If no determination was made within this period, Pacheco was entitled to demand a notice of right to sue, which, once issued, would divest the

---

[1] "The [Commission's] finding related to probable cause shall be made, so far as practicable, no later than one hundred eighty (180) days after receipt of the complaint or amended complaint." Miami-Dade County, Fla., Code of Ordinances, ch. 11A, art. IV, § 28(7)(a).

2

Commission of jurisdiction.[2] Once a probable cause determination was made, however, the Ordinance required Pacheco to request a hearing within fifteen (15) days of its issuance, or the Commission's order would become final.[3] The 180-day period passed without a probable cause determination and Pacheco did not request a right-to-sue notice. Accordingly, the Commission continued to exercise jurisdiction over the complaint.

The Commission later issued a no-probable-cause determination with a right to appeal and a hearing on such appeal within fifteen days, or the decision would become final and enforceable in circuit court. Pacheco then requested a right-to-sue notice, which the Commission denied, stating such a notice is only appropriate before a probable cause determination—one that had already been issued. Pacheco did not appeal or request a hearing before the Commission and instead filed the underlying action. Acebo

---

[2] "If within one hundred eighty (180) days after a complaint is filed alleging discrimination, the [Commission] has been unable to obtain voluntary compliance with the provisions of this Article, the aggrieved person may demand a notice of right-to-sue from the [Commission], the issuance of which shall terminate the jurisdiction of the [Commission] and the Board over such a complaint." Miami-Dade County, Fla., Code of Ordinances, ch. 11A, art. IV, § 28(10)(a).

[3] "The [Commission's] recommended order shall become final fifteen (15) days after issuance, unless a hearing is requested pursuant to Section 11A-28(9)." Miami-Dade County, Fla., Code of Ordinances, ch. 11A, art. IV, § 28(7)(c).

3

moved to dismiss for failure to exhaust administrative remedies. After a hearing, the trial court granted Acebo's motion and dismissed Pacheco's complaint with prejudice.

## II.

"A trial court's order granting a motion to dismiss is reviewed *de novo.*" Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1089 (Fla. 3d DCA 2014).

## III.

On appeal, Pacheco argues the trial court erred in dismissing her complaint with prejudice, contending the Ordinance entitled her to file a civil action directly once the 180-day period passed, irrespective of any subsequent determination by the Commission.

We find this argument misplaced. The plain and unambiguous language of the Ordinance did not provide a mechanism for Pacheco to file a lawsuit directly but only to request a notice of right to sue, the issuance of which would terminate the Commission's jurisdiction. See Miami-Dade County, Fla., Code of Ordinances, ch. 11A, art. IV, § 28(10)(a). Pacheco did not make such a request until after a no-probable-cause determination, at which point the Ordinance required her to request a hearing within fifteen (15) days, not a notice of right to sue. See Miami-Dade County, Fla., Code

4

of Ordinances, ch. 11A, art. IV, § 28(7)(c). Failure to make this request rendered the Commission's order final and enforceable in circuit court. See id. Because Pacheco did not appeal or request a hearing before resorting to the court for relief, we find the trial court properly dismissed the complaint with prejudice for failure to exhaust administrative remedies.[4] See Hollywood Park Apartments S., LLC v. City of Hollywood, 361 So. 3d 356, 361 (Fla. 4th DCA 2023) ("In interpreting an ordinance, the starting point of our analysis is the ordinance's plain language. A court generally need not resort to other rules of statutory construction when the ordinance is unambiguous."); City of Mia. v. Gabela, 390 So. 3d 65, 68 (Fla. 3d DCA 2023) ("[W]e must give to a statute (or ordinance) the plain and ordinary meaning of the words employed by the legislative body, and courts generally may not insert words or phrases in municipal ordinances in order to express

---

[4] Pacheco further argues the Commission violated her due process rights. Because the Commission's recommended order granted Pacheco the right to appeal and request a hearing on such appeal, we find no due process violation. See Thomas v. Cromer, 276 So. 3d 69, 72 (Fla. 3d DCA 2019) ("A trial court 'provides due process if the complaining party was given notice and an opportunity to be heard.'" (quoting Nationstar Mortg., LLC v. Weiler, 227 So. 3d 181, 183 (Fla. 2d DCA 2017))); Tauber v. State Bd. of Osteopathic Med. Exam'rs, 362 So. 2d 90, 92 (Fla. 4th DCA 1978) (holding that "due process requirements are satisfied if an opportunity for a meaningful hearing is provided"); Reddick v. Univ. of S. Fla. Bd. of Trs., 362 So. 3d 300, 305-06 (Fla. 2d DCA 2023) ("For due process purposes, a notice is adequate if it reasonably conveys the required information and provides a reasonable time for parties to appear and present their positions . . . .").

intentions which do not appear . . . . If the plain language of the ordinance is unambiguous, we are required to apply its plain meaning and are without power to construe it in a way which would modify, limit, or extend those express terms." (quoting Rinker Materials Corp. v. City of N. Mia., 286 So. 2d 552, 553-54 (Fla. 1973))) (internal quotation marks omitted); Wood v. Twin Lakes Mobile Homes Vill., Inc., 123 So. 2d 738, 740 (Fla. 2d DCA 1960) ("It is well settled that a party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief.").

Pacheco additionally implores us to consider that the Florida Civil Rights Act ("Act") provides an avenue for filing a civil action directly upon the expiration of the 180-day period.[5] She argues she was entitled to proceed directly to court at that point under the Act, regardless of any subsequent determination by the Commission. Because Pacheco solely pursued her claim under the Ordinance,[6] and did not invoke the Act or allege that Acebo

---

[5] The Act provides that "[i]f the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days after the filing of the complaint: (a) An aggrieved person may proceed [to file a civil action] under subsection (4) as if the commission determined that there was reasonable cause." § 760.11(8)(a), Fla. Stat.

[6] The complaint asserts "Acebo was, at all times material to this action, Pacheco's employer within the meaning of the **Ordinance**." (emphasis added). It further alleged Pacheco's claim is "instituted pursuant to the

6

qualified as an employer[7] under it, we find no merit in this argument.  See Belony v. N. Broward Hosp. Dist., 374 So. 3d 5, 6-7 (Fla. 4th DCA 2023) ("[P]rior to filing a civil action alleging discrimination in violation of the [Florida Civil Rights Act], the individual seeking relief must file a complaint with the [Florida Commission on Human Relations] within 365 days of the alleged violation . . . the discrimination charge in this case did not specifically assert a violation of the [Florida Civil Rights Act] . . . . Our plain reading of section 760.11, Florida Statutes . . . compels us to conclude that the statutory prerequisite to bringing a civil lawsuit for an [Florida Civil Rights Act] violation is premised on the claimant asserting a violation in a form sufficient to put the employer on notice that the claimant is alleging a violation of Florida law."); Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So. 2d 891,

---

provisions of the **Ordinance** for relief" and she is entitled to "remedies available under the **Ordinance**." (emphases added).

[7] See Patterson v. Consumer Debt Mgmt. and Educ., Inc., 975 So. 2d 1290, 1291 (Fla. 4th DCA 2008) (Under the Florida Civil Rights Act, an employer is "defined as 'any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year, and any agent of such a person' . . . who does not otherwise meet the definition of 'employer' cannot be held . . . liable under [the Act] . . . . If the legislature disagrees with the majority view, it can always amend the statute.  It has not done so, and we will continue to adhere to the view that the [Florida Civil Rights Act] does not impose liability on . . . individuals who are the sole owners of corporations for acts of discrimination." (quoting § 760.02(7), Fla. Stat.)) (emphasis omitted).

894 (Fla. 2002) ("As a prerequisite to bringing a civil action based upon an alleged violation of the [Florida Civil Rights Act], the claimant is required to file a complaint with the [Florida Commission on Human Relations] within 365 days of the alleged violation."); Robinson v. Dep't of Health, 89 So. 3d 1079, 1083 (Fla. 1st DCA 2012) ("If the Legislature had intended to allow . . . complainants to proceed to circuit court due to a delay by [the Commission], it would have included language in the [Act] similar to that which it provided in the Florida Civil Rights Act.  The Legislature's failure to do so indicates that it did not intend to provide this independent avenue for relief . . . we are not at liberty to judicially engraft into the Act an avenue for Appellant to pursue her . . . claim other than those provided under the Act.  Because Appellant failed to appeal the dismissal, she did not exhaust her administrative remedies.  As a result, the circuit court correctly ruled that her claim . . . is barred.").

Affirmed.